<div align="center">

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

</div>

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC, | |
| Plaintiff, | Civil Action No. 6:12-cv-202-MHS |
| v. | JURY TRIAL DEMANDED |
| CANON, INC., *et al.*, | |
| Defendants. | |

<div align="center">

**DEFENDANT HEWLETT-PACKARD COMPANY'S**
**<u>MOTION TO DISMISS PORTIONS OF TPL'S COMPLAINT</u>**

</div>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Hewlett-Packard Company ("HP") moves this Court to dismiss certain portions of the Complaint filed by Plaintiff Technology Properties Limited LLC ("TPL").

## I.       STATEMENT OF ISSUES TO BE DECIDED

Whether portions of TPL's Complaint against HP should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to adequately plead factual averments supporting certain claims for direct and indirect patent infringement and willful infringement.

## II.      INTRODUCTION

Portions of TPL's Complaint, which purports to assert a variety of direct and indirect infringement claims and willful infringement claims against HP, fail to meet both the notice and plausibility requirements set forth by the Supreme Court in *Twombly* and *Iqbal*. With respect to its indirect infringement claims, TPL's Complaint fails to provide the factual averments necessary for all the required elements of both contributory and induced patent infringement. With respect to willful infringement claims, TPL's Complaint fails to provide sufficient facts to support its allegations of willful infringement. Finally, with respect to its direct infringement

<div align="center">

1

</div>

claims, TPL's Complaint contains vague allegations that fail to provide adequate notice of which HP products TPL contends infringe each patent, and its accusations that HP directly infringes the asserted method claims in one of the asserted patents by importing, making, selling, or offering to sell the accused devices are incorrect as a matter of law. Thus, these portions of TPL's Complaint should be dismissed pursuant to Rule 12(b)(6).

## III.   STATEMENT OF FACTS

TPL's Complaint against HP purports to allege four counts of infringement, one for each of the asserted patents: U.S. Patent Nos. 7,162,549 ("'549 Patent"); 7,295,443 ("'443 Patent"); 7,522,424 ("'424 Patent"); and 7,719,847 ("'847 Patent") (collectively, "Asserted Patents"). D.I. 1, Case No. 6:12-cv-208 (hereinafter "D.I. 1"), at ¶¶ 5–52. Each of these counts contains a short paragraph purporting to describe the patent's disclosure, followed by a series of nearly identical infringement allegations.

By way of example, Count I of the Complaint, which is directed to the '549 Patent, contains the following infringement allegations:

> 11. Without a license or permission from Plaintiff, Defendant has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, at least claims 7, 11, 19, and 21 of the '549 Patent. Defendant did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.
>
> 12. Defendant was provided notice of the '549 Patent on February 13, 2007.
>
> 13. Defendant provided instructions to its users to use the accused product in an infringing manner with the intent to induce infringement of the '549 Patent.
>
> 14. Without limitation, an example of Defendant's infringing products is the Pavilion Slimline s5xt series 1070 [a desktop computer] and other devices that have the functionality accused herein, including the Photosmart Premium Fax e-All-in-One Printer C410a [a printer] and Omni 120z Series [a desktop computer].
>
> …

2

16. Defendant's infringement of the '549 Patent has been willful and deliberate, entitling Plaintiff to enhanced damages and attorneys' fees.

D.I. 1 at ¶¶ 11–14 and 16. TPL makes virtually identical assertions in its remaining counts of patent infringement for the other three Asserted Patents, changing only the asserted patent number, the date on which HP allegedly first became aware of the patent at issue, and the specific products allegedly accused of infringement. *Id.* at ¶¶ 23–26 and 28 (Count II; '443 Patent), 35–38 and 40 (Count III; '424 Patent), and 47–50 and 52 (Count IV; '847 Patent). While each count identifies a few specific HP products alleged to infringe, the products identified are not the same for each count, and nowhere in the Complaint does TPL identify the "functionality" in these specific products that is being accused.

## IV.   ARGUMENT

### A.   Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted if a claimant fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), or fails to allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Supreme Court has set forth a two-pronged approach for determining whether a complaint is adequately pleaded. First, a court must separate well-pleaded facts from conclusory legal assertions. *Ashcrof v. Iqbal*, 556 U.S. 662, 678 (2009). Under this prong, "[t]hreadbare recitals of elements of a cause of action" or "naked assertions [that are] devoid of further factual enhancement" are not entitled consideration. *Id.* (citing *Twombly*, 550 U.S at 557); *see also Southern Christian Leadership Conference v. Supreme Ct.*, 252 F.3d 781, 786 (5th Cir. 2001) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (internal citations and quotations omitted). Second, taking *only* the well-pleaded facts, a court must determine whether a complaint demonstrates "a plausible claim for relief" as opposed to a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

A complaint for direct patent infringement must contain, among other allegations, "a statement that defendant has been infringing a patent 'by making, selling, and using [the product] embodying the patent.'" *See* Fed. R. Civ. P. Form 18; *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012). The Federal Circuit has confirmed that the sufficiency of direct infringement allegations under Form 18 must be analyzed based on considerations of both *notice* and *plausibility*, and that the "adequacy of facts pled depends on the breadth and complexity of both the asserted patent and the accused product or system and on the nature of the defendant's business activities." *K-Tech Telecom., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1286–87 (Fed. Cir. 2013). Form 18 does not "relax[] the clear principle of Rule 8." *Id.* at 1284.

The sufficiency of indirect infringement allegations, by comparison, are governed by the general principles of *Twombly* and *Iqbal,* and not Fed. R. Civ. P. Form 18*. In re Bill of Lading*, 681 F.3d at 1336–37. When determining whether indirect infringement claims should be dismissed under Rule 12(b)(6), courts are required to review the facts pleaded in the complaint with reference to the elements of the cause of action. *See id*. The Fifth Circuit requires that plaintiffs "allege facts that support the elements of the cause of action in order to make out a valid claim." *Wilson v. Brinberg*, 667 F.3d 591, 595 (5th Cir. 2012) (quoting *City of Clinton v. Pilgrim's Pride Corp.,* 632 F.3d 148, 152–53 (5th Cir. 2010)). Mere recitation of the elements of a cause of action are insufficient to withstand a motion to dismiss under Rule 12(b)(6). *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (citing *Twombly*, 550 U.S. at 545).

### B.     The Portions of TPL's Complaint that Allege Contributory Infringement Should be Dismissed because TPL has Failed to Plead all the Required Elements of Contributory Infringement.

A cause of action for contributory patent infringement is governed by 35 U.S.C. § 271(c), and requires that a patentee plead and prove at least the following elements: (1) knowledge of the asserted patent(s); (2) knowledge that the accused device(s) was especially made or adapted for the infringing use; (3) the accused device(s) has no substantial non-infringing uses; (4) the

accused component(s) or device(s) is a material part of the invention; and (5) underlying direct infringement. *In re Bill of Lading*, 581 F.3d at 1337 (citing *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005)). Thus, to withstand a Rule 12(b)(6) challenge, TPL's Complaint must allege sufficient facts to plausibly show each of the above elements for a claim of contributory infringement. *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 679; *Wilson*, 667 F.3d at 595.

With respect to its contributory infringement allegations, each count of TPL's Complaint merely alleges that HP "has contributorily infringed [each Asserted Patent] . . . by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention," that HP had knowledge of the Asserted Patent, and that HP "provided instructions to its users to use the accused product in an infringing manner…" D.I. 1 at ¶¶ 11–13 (Count I; '549 Patent), 23–25 (Count II; '443 Patent), 35–37 (Count III; '424 Patent), and 47–49 (Count IV; '847 Patent). TPL's Complaint, however, fails to provide any factual averments (or even conclusory allegations) concerning elements (2) through (4), namely, (2) that HP had knowledge that the accused devices were especially made or adapted for the infringing use; (3) that the accused devices have no substantial non-infringing uses; and (4) that the accused devices are a material part of the invention recited in the claims of the Asserted Patents.

Having failed to plead facts sufficient to support all the elements of contributory infringement, those portions of TPL's Complaint that purport to allege contributory infringement should be dismissed. *See, e.g., Wilson*, 667 F.3d at 595 (plaintiffs must "allege facts that support the elements of the cause of action in order to make out a valid claim"); *Superior Indus., LLC v. Thor Global Enterprises Ltd.*, 700 F.3d 1287, 1296 (Fed. Cir. 2012) (affirming dismissal of contributory infringement claims for failure to plead no substantial non-infringing uses as required by § 271(c)); *InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-cv-414-JRG, 2012 WL 3283371, at *4 (E.D. Tex. Aug. 10, 2012) (dismissing contributory infringement claims for failure to plead facts showing an inference that the accused components had no

substantial non-infringing uses); *Lone Star Doc. Mgmt., LLC v. Atalasoft, Inc.*, No. 2:11-cv-319-JRG, 2012 WL 4033322, at *4 (E.D. Tex. Sept. 12, 2012) (same).

C.      **The Portions of TPL's Complaint that Allege Induced Infringement should be Dismissed because TPL has Failed to Plead all the Required Elements of Induced Infringement.**

A cause of action for inducing patent infringement is governed by 35 U.S.C. § 271(b), which requires that a patentee establish at least the following elements: (1) knowledge of the asserted patent; (2) knowledge that the induced acts constituted patent infringement; (3) specific intent to encourage another's infringement; and (4) underlying direct infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, __ U.S. __, 131 S. Ct. 2060, 2067–68 (2011); *In re Bill of Lading*, 681 F.3d at 1339; *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009); *Lone Star*, 2012 WL 4033322, at *3–4. Thus, to withstand a Rule 12(b)(6) challenge, TPL's Complaint must allege sufficient facts to plausibly show each of the above elements for a claim of induced infringement. *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 679; *Wilson*, 667 F.3d at 595.

With respect to its induced infringement allegations, each count of TPL's Complaint once again merely alleges that HP "induced others to infringe [each Asserted Patent] . . . by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention," that HP "was provided notice of the [Asserted Patent]" and that HP "provided instructions to its users to use the accused products in an infringing manner with the intent to induce infringement of [each respective Asserted Patent]." D.I. 1 at ¶¶ 11–13 (Count I; '549 Patent), 23–25 (Count II; '443 Patent), 35–37 (Count III; '424 Patent), and 47–49 (Count IV; '847 Patent). TPL's Complaint, however, fails to provide any factual averments concerning elements (2) and (3), namely, that HP had knowledge that the induced acts constituted patent infringement and the specific intent to induce infringement of the Asserted Patents.

Having failed to plead facts sufficient to support all the elements of induced infringement, those portions of TPL's Complaint that purport to allege induced infringement

should be dismissed. *See, e.g., Wilson*, 667 F.3d at 595 (plaintiffs must "allege facts that support the elements of the cause of action in order to make out a valid claim"); *Superior Indus.*, 700 F.3d at 1296 (affirming dismissal of induced infringement claims because patentee failed to plead facts supporting reasonable inference that the accused infringer knew it had induced acts that constitute infringement and specifically intended to induce infringement of the asserted patent); *Grobler v. Sony Computer Entertainment America LLC*, No. 5:12-cv-1526-LJK, 2013 WL 308937, at *2–3 (N.D. Cal. Jan. 25, 2013) (dismissing plaintiff's claims for induced infringement because the complaint's "bare allegations" that defendant knew of the patent and provided instructions on how to use the accused device failed to "plausibly support an inference of intent, and [are] precisely the type of 'formulaic recitation of a cause of action's elements' that the Supreme Court held insufficient in *Twombly*.") (quoting *Twombly*, 550 U.S. at 555); *Brandywine Comm. Techs., LLC v. Casio Computer Co., Ltd.*, No. 6:12-cv-274-Orl-36DAB, 2012 WL 6043819, at *8 (M.D. Fla. Dec. 5, 2012) (dismissing induced infringement claims because the patentee did not allege facts plausibly showing specific intent to induce customers to infringe the asserted patent and knowledge that the customers' acts constituted infringement); *Asentinel LLC v. The Info Group, Inc.*, No. 10-2760-D/P, 2011 WL 3667517, at *6–7 (W.D. Tenn. Aug. 3, 2011) (finding that allegations of customer support for the accused products do not give rise to an inference of specific intent to encourage infringement) *adopted, Asentinel LLC, v. Anchorpoint, Inc.*, No. 10-2760-BBD-TMP, 2011 WL 3667651, at *1 (W.D. Tenn. Aug. 22, 2011).

**D.** **The Portions of TPL's Complaint that Purport to Allege Willful Infringement should be Dismissed because TPL has Failed to Plead all the Required Elements of Willful Infringement.**

A cause of action for willful patent infringement requires that a patentee plead and prove at least the following elements: (1) knowledge of the asserted patent; (2) the alleged infringer acted despite an objectively high likelihood or risk that its actions constituted infringement of a valid patent; and (3) the alleged infringer knew or should have known of this objectively high

risk. *Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc.*, 682 F.3d 1003, 1005–6 (2012); *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (2007); *Achates Reference Pub., Inc. v. Symantec Corp.*, No. 2:11-cv-294-JRG-RSP, 2013 WL 693955, at *3 (E.D. Tex. Jan. 10, 2013) *adopted*, *Achates Reference Pub., Inc. v. Symantec Corp.*, No. 2:11-cv-294-JRG-RSP, slip op. at 1 (E.D. Tex. Feb. 25, 2013) (Docket No. 340; attached as Exhibit A).

With respect to its willful infringement allegations, each count of TPL's Complaint merely alleges that HP "infringed [each Asserted Patent] . . . by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention," that HP "was provided notice of the [Asserted Patent]," and that HP's alleged "infringement of [each respective Asserted Patent] has been willful and deliberate..." D.I. 1 at ¶¶ 11, 12, and 16 (Count I; '549 Patent), 23, 24, and 28 (Count II; '443 Patent), 35, 36, and 40 (Count III; '424 Patent), and 47, 48, and 52 (Count IV; '847 Patent). TPL's Complaint, however, fails to provide any factual averments (or even conclusory allegations) concerning elements (2) and (3) above, namely, that HP acted despite an objectively high likelihood that its actions constituted infringement of the Asserted Patents or that HP knew or should have known of this objectively high risk.

Having failed to plead facts sufficient to support all the elements of willful infringement, those portions of TPL's Complaint that purport to allege willful infringement should be dismissed. *See, e.g., Wilson*, 667 F.3d at 595 (plaintiffs must "allege facts that support the elements of the cause of action in order to make out a valid claim"); *Achates*, 2013 WL 693955, at *3 (dismissing willful infringement claims where the patentee alleged that the accused infringer was aware of the asserted patents and their infringement "has been, and continues to be, willful"); *Robert Bosch Healthcare Sys., Inc. v. Express MD Solutions, LLC*, C 12-68 JW, 2012 WL 2803617, at *2–4 (N.D. Cal. Jul. 10, 2012) (dismissing similar willful infringement allegations and noting that a "bare recital" of the elements of willful infringement is insufficient and a "mere" allegation of "actual knowledge" alone is insufficient to state a claim for willful infringement) (internal citations omitted); *MONEC Holding AG v. Motorola Mobility, Inc.*, 897

F. Supp. 2d 225, 235–36 (D. Del. 2012) ("the complaint must 'demonstrate [ ] a link between the various allegations of the patents-in-suit and the allegations that the risks of infringement' were either known or were so obvious that they should have been known.") (internal citations omitted); *Aeritas, LLC v. Alaska Air Group, Inc.*, 893 F. Supp. 2d 680, 684–85 (D. Del. 2012) (dismissing willful infringement claims and noting that "the burden to prove willful infringement includes more than mere knowledge of the patent.").

<p style="margin-left:2em">E.    <u>The Portions of TPL's Complaint that Purport to Allege Infringement of Claims 7 and 19 of the '549 Patent by Importing, Making, Offering to Sell, and/or Selling Accused Products Should be Dismissed.</u></p>

In Count I of its Complaint, TPL alleges that HP "has infringed . . . at least claims 7, 11, 19, and 21 of the '549 patent . . . by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention." D.I. 1 at ¶ 11. Claims 7 and 19 are method claims, and claims 11 and 21 are apparatus claims.

While apparatus claims can be infringed by "importing, making, using, offering to sell, and/or selling products that embody the patented invention," it is well established that a method claim can only be infringed by using the patented method, not by importing, making, offering to sell, and/or selling the patented method. *See, e.g.*, *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1359 (Fed. Cir. 2009) ("The law is unequivocal that the sale of equipment to perform a process is not a sale of the process within the meaning of section 271(a).") (internal citations and quotations emitted); *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1319 (Fed. Cir. 2005) (infringement of method claims under §271(a) is "limited to use"); *Mirror Worlds, LLC v. Apple, Inc.*, 784 F. Supp. 2d 703, 713 (E.D. Tex. 2011) ("The law is clear that the sale or offer for sale is insufficient to prove direct infringement of a method claim.") (internal citation omitted).

Accordingly, those portions of TPL's Complaint that allege direct infringement of method claims 7 and 19 by "importing, making, offering to sell, and/or selling" the accused products fail to state a claim for relief that is plausible on its face and should be dismissed

pursuant to Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 570; *Cardiac Pacemakers*, 576 F.3d

at 1359; *NTP*, 418 F.3d at 1319.

F.       **The Portions of TPL's Complaint Purporting to Allege Infringement by
         Unspecified "Other Devices" Should be Dismissed.**

In each count of its Complaint, TPL identifies a few specific examples of products

accused of direct infringement. *See, e.g.,* D.I. 1 at ¶¶ 14 (Count I; '549 Patent), 26 (Count II;

'443 Patent), 38 (Count III; '424 Patent), and 50 (Count IV; '847 Patent). HP does not by its

present motion challenge the averments of direct infringement against these identified products

(except as noted above with respect to Claims 7 and 19 of the '549 patent). However, each of

these counts also includes a general averment of infringement by all "other devices that have the

functionality accused herein." *Id.* It is these averments of infringement by unspecified "other

devices" that should be dismissed because they do not contain sufficient information to allow HP

to determine what functionality in its products is being accused.

Although each count of TPL's Complaint includes a paragraph purporting to describe a

portion of the corresponding patent's disclosure and a paragraph identifying a few specific

examples of accused products, the information pleaded does not provide sufficient notice of the

functionality being accused to enable HP to know which of its products are being accused in

each count. For example, Count I of the Complaint ('549 patent) identifies three products: one

printer and two different models of desktop computers. Count II ('443 patent) and Count III

('424 patent) each identify the same three products as Count I, but they also each identify two

additional different models of laptop computers. Count IV ('847 patent), by comparison,

identifies only one model of a desktop computer.

Significantly, laptops, printers, and desktops each possess a broad range of different

"functionalities" even in relation to memory cards, and there is nothing in TPL's selection of

products that indicates why TPL has chosen to include certain models of products in some counts

but not others. Similarly, while each count of the Compliant does include a paragraph that

purports to describe a portion of the corresponding patent's disclosure (*see* D.I. 1 at ¶¶ 8 for the

'549 patent, 20 for the '443 patent, 32 for the '424 patent, and 44 for the '847 patent), these paragraphs merely parrot back portions of the claim language from each Asserted Patent. The relevant paragraphs do not identify the functionality of HP's products that are being accused in a way that would allow this Court or the defendant to identify which of HP's laptop computers, printers, and desktops are being accused of infringement in each count.

Courts in this District have dismissed such unspecified allegations of infringement in similar circumstances where the complaint identifies a few specific examples of accused devices and then attempts to capture "other devices" or systems by including catch-all phrases, such as those used by TPL in its Complaint. In *Round Rock*, for example, the complaint asserted infringement by "systems, including, but not limited to, servers implementing a remote monitoring system, such as the [Oracle Integrated Lights-Out Manager ('ILOM')/Dell Access Card ("DRAC")]." *Round Rock Research, LLC v. Oracle Corp.*, No. 4:11-cv-332, slip op. at 5-7 (E.D. Tex. Oct. 25, 2011) (Docket No. 40; attached as Exhibit B) *adopted, Round Rock Research, LLC v. Oracle Corp.*, No. 4:11-cv-332, slip op. at 1–2 (E.D. Tex. Nov. 18, 2011) (Docket No. 51; attached as Exhibit C). Upon review, this Court held that the above language failed to inform the defendants of "other products" that might be accused of infringement and dismissed those portions of the plaintiff's infringement claims directed to products not specifically identified in the complaint. *Id.* at 6; *see also Prompt Med. Sys., L.P. v. AllscriptsMisys Healthcare Sol., Inc.*, No. 6:10-cv-71, slip op. at 1 (E.D. Tex. Feb. 11, 2011) (Docket No. 246; attached as Exhibit D).

The outcome here should be the same as in *Round Rock* because TPL's Complaint fails to provide sufficient averments identifying the functionality being accused to enable HP to identify what products fall within TPL's present infringement allegations. *See K-Tech*, 714 F.3d at 1286 ("[t]he touchstones of an appropriate analysis under Form 18 are notice and facial plausibility."). Thus, the portions of TPL's Complaint alleging infringement by "other products" should be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

## V.     CONCLUSION

For all the foregoing reasons, the deficient portions of TPL's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Date: April 2, 2014

/s/ T. Cy Walker
Deron R. Dacus
Texas State Bar No. 00790553
Peter Kerr
Texas State Bar No. 24076478
THE DACUS FIRM, PC
821 ESE Loop 323
Suite 430
Tyler, TX 75701
tel.: 903-705-1117
fax: 903-705-1117
ddacus@dacusfirm.com
PKERR@DACUSFIRM.COM

Marcia H. Sundeen
T. Cy Walker
Robert L. Hails, Jr.
Bryan Nese
Adeel Haroon
KENYON & KENYON LLP
1500 K Street, NW
Suite 700
Washington, DC 20005
tel.: 202-220-4200
fax: 202-220-4201
msundeen@kenyon.com
cwalker@kenyon.com
rhails@kenyon.com
bnese@kenyon.com
aharoon@kenyon.com

Megan Olesek
KENYON & KENYON LLP
1801 Page Mill Road
Suite 210
Palo Alto, CA 94304-1216
tel.: 650.384.4700
fax: 650.384.4701
molesek@kenyon.com

*Counsel for Defendant*
*Hewlett-Packard Company*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 2nd day of April, 2014.

<div align="right">

/s/ T. Cy Walker
T. Cy Walker

</div>