UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NEWEGG INC.<br><br>and<br><br>ROSEWILL INC.,<br><br>Defendants. | CASE NO: 6:12-cv-202-MHS<br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Technology Properties Limited LLC and MCM Portfolio LLC (collectively "Plaintiffs") file this Amended Complaint against Newegg Inc. and Rosewill Inc. for infringement of U.S. Patent Nos. 7,295,443 and 7,522,424 (collectively, "the Patents-in-Suit").

## THE PARTIES

1.   Technology Properties Limited LLC ("TPL") is a California limited liability company with a principal place of business at 20883 Stevens Creek Blvd., Suite 100, Cupertino, California 95014.

2.   MCM Portfolio LLC ("MCM") is a Delaware limited liability company with a principal place of business at 20883 Stevens Creek Blvd., Suite 100, Cupertino, California 95014.

3.   Defendant Newegg Inc. ("Newegg") is a Delaware Corporation, with its principal place of business at 16839 East Gale Ave., City of Industry, California 91745.

4.   Defendant Rosewill Inc. ("Rosewill") is a Delaware Corporation, with its

principal place of business at 17708 Rowland St., City of Industry, California 91748.

5. Newegg Inc. and Rosewill Inc. will be referred to herein individually and collectively as "Defendants."

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code, §§ 271 and 281, *et seq.* because Defendants have committed acts of patent infringement within the United States and this judicial district. Accordingly, this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b), in that Defendants are subject to personal jurisdiction in this district. At a minimum, Defendants have delivered infringing products into the stream of commerce with the expectation that they will be purchased by consumers in Texas, including consumers in the Eastern District of Texas.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 7,295,443)

8. TPL incorporates paragraphs 1 through 7 as though fully set forth herein.

9. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. § 271, *et seq.*

10. On November 13, 2007, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,295,443 ("the '433 Patent") entitled "Smartconnect Universal Flash Media Card Adapters," to Sreenath Mambakkam, et al. A copy of the '443 Patent is attached to the Complaint as Exhibit A.

11. The '443 Patent discloses a multi-media memory adapter. The adapter has a first planar element or portion and a second planar element or portion that define a slot between them for receiving multiple types of flash memory cards. The planar elements or portions comprise molded plastic. The patent further discloses contact pins that extend or protrude from either the top or the bottom of the port (or both); these contact pins allow the port to receive electrical signals from a flash memory card. The patent also discloses a controller chip that maps a set of signal lines to a subset of the contact pins based on the type of flash memory card inserted into the reader.

12. MCM is the owner of the '443 Patent.

13. TPL is the exclusive licensee of the '443 Patent, with ownership of all substantial rights in the '443 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.

14. The '443 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

15. Without a license or permission from Plaintiffs, Defendants have infringed literally or under the doctrine of equivalents, at least claims 9, 11, 12 and 14 of the '443 Patent as explained in TPL's Local Patent Rule 3-1/3-2 Disclosures. Defendants did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.

16. Defendant Newegg was provided notice of the '443 Patent on January 9, 2008.

17. Defendant Rosewill was provided notice of the '443 Patent on December 16, 2011.

18. Without limitation, Defendants' infringing products include the products listed below:

| | |
|---|---|
| RDCR-11002 | RCR-TT-EA001-K |
| RCR-EA001 | RDCR-11003 |
| RCR-YJ-EX601 | RDCR-11004 |
| RCR-102 | RDCR-13001 |
| RCR-AK-IM5002 | RSD-CR106 |
| RCR-FD400 | RCR-FD200 |
| RCR-IC001 | RCR-TT-EA001-W |
| RCR-IC002 | RDCR-11001 |
| RCR-IM5001 | RDCR-12001 |

19. Defendants' infringement of the '443 Patent has caused substantial damage to Plaintiffs.

## COUNT II
## (INFRINGEMENT OF U.S. PATENT NO. 7,522,424)

20. TPL incorporates paragraphs 1 through 19 as though fully set forth herein.

21. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. § 271, *et seq.*

22. On April 21, 2009, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,522,424 ("the '424 Patent") entitled "Smartconnect Universal Flash Media Card Adapters," to Sreenath Mambakkam, et al. A copy of the '424 Patent is attached to the Complaint as Exhibit B.

23. The '424 Patent discloses an apparatus with a port that has a number of sets of contact pins mounted at locations adapted to interface with the electrical contacts of different types of flash memory cards. The patent also discloses a set of interconnection pins. A component, such as a controller, maps power, ground and/or data signals between the interconnection pins and the proper contact pins, depending on the type of card in the slot.

24. MCM is the owner of the '424 Patent.

25. TPL is the exclusive licensee of the '424 Patent, with ownership of all substantial rights in the '424 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.

26. The '424 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

27. Without a license or permission from Plaintiffs, Defendants have infringed literally or under the doctrine of equivalents, at least claims 25, 26, 28, and 29 of the '424 Patent as explained in TPL's Local Patent Rule 3-1/3-2 Disclosures. Defendants did so by importing, making, using, offering to sell, and/or selling products and devices that embody and/or practice the patented invention.

28. Defendant Newegg has been on notice of the '424 Patent since at least the filing of this Complaint.

29. Defendant Rosewill Inc. was provided notice of the '424 Patent on December 16, 2011.

30. Without limitation, Defendants' infringing products include the products listed below:

| RDCR-11002 | RCR-TT-EA001-K |
| RCR-EA001 | RDCR-11003 |
| RCR-YJ-EX601 | RDCR-11004 |
| RCR-102 | RDCR-13001 |
| RCR-AK-IM5002 | RSD-CR106 |
| RCR-FD400 | RCR-FD200 |
| RCR-IC001 | RCR-TT-EA001-W |
| RCR-IC002 | RDCR-11001 |
| RCR-IM5001 | RDCR-12001 |

31. Defendants' infringement of the '424 Patent has caused substantial damage to Plaintiffs.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs Technology Properties Limited LLC and MCM Portfolio LLC demand a trial by jury of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Technology Properties Limited LLC and MCM Portfolio LLC pray for relief as follows:

a. Judgment that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents;

b. Enter a permanent injunction enjoining Defendants and their offices, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing or inducing infringement of each Patent-in-Suit, or, in the alternative, judgment that Defendants account for and pay to Plaintiffs a reasonable royalty and an ongoing post judgment royalty because of Defendants' past, present and future infringing activities and other conduct complained of herein;

c. Judgment that Defendants account for and pay to TPL and MCM all damages to and costs incurred by TPL and MCM because of Defendants' infringing activities and other conduct complained of herein;

d. Judgment that Defendants account for and pay to TPL and MCM a reasonable, on-going, post judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

e. That TPL and MCM be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

f. That this Court declare this an exceptional case and award TPL and MCM their reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

g. That TPL and MCM be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  April 14, 2014	Respectfully submitted,

                                                **THE SIMON LAW FIRM, P.C.**

                                                /s/ Benjamin R. Askew
                                                Anthony G. Simon
                                                Timothy D. Krieger
                                                Benjamin R. Askew
                                                Michael P. Kella
                                                THE SIMON LAW FIRM, P.C.
                                                800 Market Street, Suite 1700
                                                St. Louis, MO  63101
                                                Telephone:  (314) 241-2929
                                                Facsimile:  (314) 241-2029
                                                asimon@simonlawpc.com
                                                tkrieger@simonlawpc.com
                                                baskew@simonlawpc.com
                                                mkella@simonlawpc.com

                                                Gregory P. Love
                                                Texas State Bar No. 24013060
                                                STEVENS LOVE, PLLC
                                                222 N. Fredonia
                                                Longview, Texas 75601
                                                (903) 753-6760
                                                (903) 753-6761 (fax)
                                                greg@stevenslove.com

                                                *ATTORNEYS FOR PLAINTIFFS*
                                                *TECHNOLOGY PROPERTIES LIMITED LLC and*
                                                *MCM PORTFOLIO LLC*


                      **CERTIFICATE OF ELECTRONIC SERVICE**

      I hereby certify that on this 14th day of April, 2014, a copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

                                                /s/ Benjamin R. Askew
                                                Benjamin R. Askew