IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>CANON, INC. et al.,<br><br>    Defendants.<br>_____/ | No. C 14-3640 CW<br><br>ORDER APPOINTING TECHNICAL ADVISOR KWAN CHAN |
| TECHNOLOGY PROPERTIES LIMITED LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>FALCON COMPUTER SYSTEMS, INC.,<br><br>    Defendant.<br>_____/ | No. C 14-3641 CW |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>    Defendant.<br>_____/ | No. C 14-3643 CW |

|   |   |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC, | No. C 14-3645 CW |
| Plaintiff, | |
| v. | |
| NEWEGG INC. et al., | |
| Defendants. | |
| _____/ | |
| TECHNOLOGY PROPERTIES LIMITED LLC, | No. C 14-3646 CW |
| Plaintiff, | |
| v. | |
| SEIKO EPSON CORPORATION, et al., | |
| Defendants. | |
| _____/ | |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC, | No. C 14-3647 CW |
| Plaintiffs, | |
| v. | |
| SHUTTLE, INC., et al., | |
| Defendants. | |
| _____/ | |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC, | No. C 14-4616 CW |
| Plaintiffs, | |
| v. | |
| SONY CORPORATION, et al., | |
| Defendants. | |
| _____/ | |

1  As indicated at the Initial Case Management Conference for
2 these cases, the Court finds that, due to the complexity of these
3 cases and the Patents-in-Suit, it would benefit from the services
4 of a technical advisor.  The Court instructed the parties to
5 consider Mr. Kwan Chan for the position and on December 5, 2014,
6 the parties field a joint notice agreeing to Mr. Chan's
7 appointment.  The Court hereby appoints Mr. Chan in that capacity
8 and gives notice of the following proposed terms of the
9 appointment.

INTENDED ORDER OF APPOINTMENT

The Court appointment of Mr. Chan as a "Technical Advisor" will be under the following terms:

1. Any advice provided to the Court by Mr. Chan will not be based on any extra-record information.
2. To the extent that the Court may ask Mr. Chan to provide a formal written report on technical advice concerning the case, a copy of the formal written report prepared by Mr. Chan shall be provided to the parties.  However, the Court reserves the right to have informal written and verbal communications with Mr. Chan, including written summaries and explanations of his advice to the Court, which are not included in any formal reports.
3. Mr. Chan may attend all case-related court proceedings.
4. Mr. Chan may review any pleadings, motions or documents submitted to the Court.
5. As a Technical Advisor, Mr. Chan will make no written findings of fact and will not supply any evidence to the Court.  Thus, Mr. Chan will be outside the purview of "expert

3

witnesses" under Fed. R. Evid. 706. As such, the provisions in Rule 706 for depositions and questioning of expert witnesses will be inapplicable to Mr. Chan. See <u>Reilly v. United States</u>, 863 F.2d 149, 155-56 (1st Cir. 1988).

6. Mr. Chan will have no contact with any of the parties or their counsel except for billing purposes.

7. Each party shall bear the fees and costs of the Technical Advisor on a per capita basis, payable in advance. Mr. Chan shall establish a trust account for his payments. Within ten days of the date of this order, the parties shall contact Mr. Chan for the account information and deposit, initially, $100,000.00 to cover the anticipated fees and costs. The parties may divide this initial deposit requirement as they see fit. Mr. Chan shall issue statements to the parties and draw from the trust account every fifteen days for his performance of the appointment. Mr. Chan will bill at the rate of $450.00 per hour. Any dispute pertaining to Mr. Chan's fees will be referred to a Magistrate Judge.

8. Mr. Chan shall report to the Court on a periodic basis, every sixty days, regarding the state of his fees and expenses and make a recommendation to the Court as to whether the trust account needs additional deposits from the parties as the case progresses.

9. Mr. Chan shall file a declaration in the form attached that he will adhere to the terms of his appointment.

## CONCLUSION

Within fourteen days of the date of this Order, any party may file an objection to the terms of the appointment of Mr. Chan as

4

the Court's technical advisor.  The objection shall state the grounds of objection and be accompanied by a supporting declaration and legal memorandum.

IT IS SO ORDERED.

Dated: 04/10/2015

CLAUDIA WILKEN
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

    I, Kwan Chan, declare that I will adhere to the terms of my appointment as Technical Advisor in cases 14-CV-3640, 14-CV-3641, 14-CV-3643, 14-CV-3645, 14-CV-3646, 14-CV-3647, 14-CV-4616, as set forth in the Court's Order Appointing Technical Advisor Kwan Chan.

Date: _____

                                                       Kwan Chan
                                                     Technical Advisor