IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC,<br><br>          Plaintiffs,<br><br>     v.<br><br>CANON, INC. et al.,<br><br>          Defendants.<br>_____/ | No. C 14-3640 CW<br><br>ORDER ON DEFENDANTS' MOTION FOR CLARIFICATION<br><br>(Docket No. 297) |
| TECHNOLOGY PROPERTIES LIMITED LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>FALCON COMPUTER SYSTEMS, INC.,<br><br>          Defendant.<br>_____/ | No. C 14-3641 CW<br><br>(Docket No. 72) |
| TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC,<br><br>          Plaintiffs,<br><br>     v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>          Defendant.<br>_____/ | No. C 14-3643 CW<br><br>(Docket No. 83) |

```
TECHNOLOGY PROPERTIES LIMITED            No. C 14-3645 CW
LLC,
                                         (Docket No. 69)
        Plaintiff,

    v.

NEWEGG INC. et al.,

        Defendants.
_____/

TECHNOLOGY PROPERTIES LIMITED            No. C 14-3646 CW
LLC,
                                         (Docket No. 79)
        Plaintiff,

    v.

SEIKO EPSON CORPORATION, et al.,

        Defendants.
_____/

TECHNOLOGY PROPERTIES LIMITED LLC        No. C 14-3647 CW
and MCM PORTFOLIO LLC,
                                         (Docket No. 75)
        Plaintiffs,

    v.

SHUTTLE, INC., et al.,

        Defendants.
_____/
```

The matter comes before the Court on Defendants' administrative motion for clarification of the Court's April 10, 2015 order appointing Kwan Chan as Technical Advisor in the above-captioned cases.  Docket No. 297.[1]  In the order, the Court stated that each party shall bear the cost of the Technical Advisor on a

---

[1] Docket Numbers correspond to the docket for case number 14-3640.

2

per capita basis.  As Defendants point out, this contradicts the Court's earlier statement regarding the payment of the Technical Advisor, made at the November 19, 2014 case management conference, when the Court indicated that it would order the parties to pay the Technical Advisor on a 50/50 split, with Plaintiffs paying half and Defendants paying half.  Moreover, as Defendants show, a 50/50 split is equitable in these cases because the parties will ordinarily file two sets of briefs, one from Plaintiffs and one from Defendants.

Defendants' motion is GRANTED and the April 10, 2015 order appointing Mr. Chan is amended as follows: Plaintiffs and Defendants shall split the cost of the Technical Advisor 50/50. Plaintiffs and Defendants shall each divide their half among them on a per capita basis.

IT IS SO ORDERED.

Dated: 04/29/2015

_____

CLAUDIA WILKEN
United States District Judge