Megan Rae Whyman Olesek (Bar No. 191218)
KENYON & KENYON LLP
1801 Page Mill Road
Suite 120
Palo Alto, CA 94304-1216
Telephone:     (650) 384-4701
Facsimile:     (650) 384-4701
Email: molesek@kenyon.com

T. Cy Walker (admitted Pro Hac Vice)
KENYON & KENYON LLP
1500 K Street, NW, Suite 700
Washington, DC 20005
Telephone: 202-220-4200
Facsimile: 202-220-4201
Email: cwalker@kenyon.com

Marcia H. Sundeen (admitted Pro Hac Vice)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:     (202) 346-4000
Facsimile:     (202) 346-4444
Email: msundeen@goodwinprocter.com

*ATTORNEYS FOR DEFENDANTS
HEWLETT-PACKARD COMPANY.*

**ADDITIONAL PARTIES LISTED ON
SIGNATURE PAGE**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC, et al., | Civil Action No. 4:14-cv-03643-CW |
| Plaintiffs, | DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS |
| vs. | |
| HEWLETT-PACKARD COMPANY, | Date:   June  18, 2015 |
| Defendant. | Time    2:00 pm |
| | Place:  Courtroom 2 – 4th Floor |
| | Judge:  Hon. Claudia Wilken |
| TECHNOLOGY PROPERTIES LIMITED LLC, et al., | Civil Action No. 14-03640 CW |
| | DEFENDANTS' NOTICE OF MOTION AND |

| | |
|---|---|
| Plaintiffs,<br><br>vs.<br><br>CANON INC. et al.,<br><br>Defendants. | MOTION FOR JUDGMENT ON THE PLEADINGS<br>Date:   June  18, 2015<br>Time   2:00 pm<br>Place:  Courtroom 2 – 4th Floor<br>Judge: Hon. Claudia Wilken |
| TECHNOLOGY PROPERTIES LIMITED LLC, et al.,<br><br><br><br>Plaintiffs,<br><br>vs.<br><br>NEWEGG INC. et al.,<br><br>Defendants. | Civil Action No. 14-03640 CW<br><br>DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>Date:   June  18, 2015<br>Time   2:00 pm<br>Place:  Courtroom 2 – 4th Floor<br>Judge: Hon. Claudia Wilken |
| TECHNOLOGY PROPERTIES LIMITED LLC, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>SEIKO EPSON CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 3:14-cv-03646-CW<br><br>DEFENDANTS'<br>NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>Date:   June  18, 2015<br>Time   2:00 pm<br>Place:  Courtroom 2 – 4th Floor<br>Judge: Hon. Claudia Wilken |

1

2                                   **NOTICE OF MOTION**

3              PLEASE TAKE NOTICE THAT on June 18, 2015, at 2:00pm, or as soon thereafter as

4    counsel may be heard before the Honorable Claudia Wilken in Courtroom 2 of the above-entitled

5    Court, located at 1301 Clay St., Oakland, CA 94612, Defendants Hewlett-Packard Company,

6    Canon Inc., Canon U.S.A., Inc., Newegg Inc, Rosewill Inc., Seiko Epson Corporation, and Epson

7    America, Inc. (collectively "Defendants") will and hereby move this Court, pursuant to Federal

8    Rule of Civil Procedure 12(c), for judgment on the pleadings with respect to Technology Properties

9    Limited's and MCM Portfolio LLC's ("TPL" or "Plaintiffs") pending causes of action (Counts I-

10   III). This motion is made on the following ground:  Plaintiffs' pending causes of action are barred

11   by the *Kessler* doctrine because the U.S. International Trade Commission ("the ITC") found that

12   Defendants did not infringe U.S. Patent Nos. 7,295,443, 7,522,424 and 7,719,847 (the "patents-in-

13   suit"), and Plaintiffs chose not to appeal the decision to the Federal Circuit.

14             This Motion is based on this Notice, the attached Memorandum of Points and Authorities,

15   the pleadings and papers on file in this action or deemed to be on file at the time this Motion is

16   heard, other such evidence and argument as may be presented in connection with the hearing of this

17   Motion, and all matters of which this Court may take judicial notice.

18

19   DATED:  May 1, 2015                    GOODWIN PROCTER LLP
                                            By */s/Marcia H. Sundeen*
20                                          _____
                                                 Marcia H. Sundeen
21                                               Attorney for Defendant Hewlett-Packard
                                                 Company
22

23

24

25

26

27

28

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ..................................................................................................4

STATEMENT OF ISSUE TO BE DECIDED.........................................................................5

STATEMENT OF FACTS .........................................................................................................5

      A.     TPL's Complaint in the ITC ....................................................................5

      B.     TPL's Complaint in This Action................................................................6

      C.     The ITC Decision.........................................................................................6

ARGUMENT ..............................................................................................................................7

I.     LEGAL STANDARD...................................................................................................7

II.    THE *KESSLER* DOCTRINE BARS TPL FROM RE-LITIGATING WHETHER
     DEFENDANTS' PRODUCTS INFRINGE THE PATENTS-IN-SUIT .................................7

      A.     The *Kessler* Doctrine Prevents a Plaintiff from Relitigating a Finding of Non-
           Infringement.........................................................................................8

      B.     The *Kessler* Doctrine Bars TPL's Infringement Claims.............................9

      C.     TPL Cannot Evade the Binding Effect of an ITC Finding of Non-Infringement by
           Choosing Not to Appeal...........................................................................11

CONCLUSION...........................................................................................................14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ackermann v. United States*,
   340 U.S. 193 (1950)..................................................................................................12

*B&B Hardware, Inc. v. Hargis Indus., Inc.*,
   No. 13-352, slip op., 575 U.S. __ (2015)...................................................................9

*Bio-Tech. Gen. Corp. v. Genentech, Inc.*,
   80F.3d 1553, 1563 (Fed. Cir. 1996).................................................................10, 12

*Brain Life, LLC v. Elekta Inc.*,
   746 F.3d 1045 (Fed. Cir. 2014)..........................................................................*passim*

*Certain Computers and Computer Peripheral Devices, and Components Thereof,
   and Products Containing the Same*,
   Inv. No. 337-TA-841 .................................................................................................6

*EFCO Corp. v. U.W. Marx, Inc.*,
   124 F.3d 394 (2d Cir. 1997)......................................................................................12

*Federated Dep't Stores, Inc. v. Moitie*,
   452 U.S. 394 (1981)..................................................................................................12

*Function Media, L.L.C. v. Kappos*,
   508 F. App'x 953 (Fed. Cir. 2013) ...........................................................................12

*Harris v. County of Orange*,
   682 F.3d 1126 (9th Cir. 2012) ....................................................................................7

*Heliotrope Gen., Inc. v. Ford Motor Co.*,
   189 F.3d 971 (9th Cir. 1999) ......................................................................................7

*Kessler v. Eldred*,
   206 U.S. 285 (1907)..........................................................................................*passim*

*LSI Corp. et al. v. U.S. International Trade Commission*,
   No. 14-1410 (Fed. Cir. Mar. 20, 2015).....................................................................10

*Lyon v. Chase Bank USA, NA*,
   656 F.3d 877 (9th Cir. 2011) ......................................................................................7

*McLellan v. Perry*,
   No. 3:12-CV-00391-MMD, 2014 WL 1309291 (D. Nev. Mar. 27, 2014)..................12

*MGA, Inc. v. General Motors Corp.*,
   827 F.2d 729 (Fed. Cir. 1987)...............................................................................9, 10

*Powertech Tech. Inc. v. Tessera, Inc.*,
    660 F.3d 1301 (Fed. Cir. 2011)...................................................................10, 11, 12

*SpeedTrack, Inc. v. Office Depot, Inc.*,
    No. C 07-3602 PJH, 2014 WL 1813292 (N.D. Cal. May 6, 2014) ..............8, 9, 11, 13

*Tech. Prop. Ltd. LLC et al. v. Barnes & Noble, Inc.*,
    No. 12-cv-03863 (N.D. Cal. Feb. 4, 2015), ECF No. 48 .............................................5

*Texas Instruments v. Cypress Semiconductor Corp.*,
    90 F.3d 1558,1569 (Fed. Cir. 1996)...........................................................10, 11, 12

*Twelve John Does v. Dist. of Columbia*,
    841 F.2d 1133 (D.C. Cir. 1988) ..............................................................................12

**Statutes**

28 U.S.C. § 1659.................................................................................................................6

An Administrative Law.......................................................................................................5

**Other Authorities**

(http://edis.usitc.gov) ........................................................................................................6

Rule 12(b) ...........................................................................................................................7

Rule 12(c)........................................................................................................................7, 14

Rule 60(b)(6)......................................................................................................................12

U.S. Patent No. 7,162,549..................................................................................................6

U.S. Patent Nos. 7,295,443 ................................................................................................5

U.S. Patent Nos. 7,295,443, 7,522,424 and 7,719,847 ..................................................4, 5

1       Defendants Hewlett-Packard Company, Canon Inc., Canon U.S.A., Inc., Newegg Inc,

2  Rosewill Inc., Seiko Epson Corporation, and Epson America, Inc. (collectively "Defendants")

3  respectfully bring this motion for judgment on the pleadings to dismiss Plaintiffs' pending causes of

4  action – regarding alleged infringement of U.S. Patent Nos. 7,295,443, 7,522,424 and 7,719,847

5  (the "patents-in-suit").[1]

## PRELIMINARY STATEMENT

6

7       The day before TPL filed its complaint initiating individual district court suits against each

8  Defendant, TPL filed a complaint requesting the ITC to institute an investigation into the alleged

9  infringement of the patents-in-suit due to Defendants' importation and sale of various products,

10  such as printers, laptops and desktops, that allegedly include infringing memory card readers

11  ("Defendants' products").  TPL requested that the ITC issue an exclusion order barring importation

12  of Defendants' products, if the ITC determined, *inter alia*, that Defendants' products infringed the

13  patents-in-suit.

14       At the outset of the individual district court suits, Defendants requested, and TPL did not

15  oppose, that the district court grant stays pending the outcome of the ITC investigation.  The district

16  court actions were stayed, the ITC investigation proceeded to trial, and TPL lost all of its

17  infringement claims against Defendants' products relating to the patents-in-suit.  TPL did not

18  appeal the final ITC judgment, but now seeks to relitigate the same claims of infringement here.

19  TPL should not be allowed a "do-over."  The ITC has already ruled that Defendants' products do

20  not infringe the patents-in-suit, and that finding is binding on this Court under the doctrine of

21  *Kessler v. Eldred*, 206 U.S. 285 (1907).

22       The *Kessler* doctrine instructs that a finding of non-infringement precludes relitigation even

23  where that finding would not be the basis for *res judicata* or collateral estoppel.  In a case just

24  decided last year, the Federal Circuit held that the *Kessler* doctrine is still binding precedent and

25  still stands for the proposition that a patentee cannot bring a second suit after a finding of non-

---

[1] Defendants provided notice to TPL on April 23, 2015, as to the substance of this motion and the proposed hearing date of June 18, 2015.  TPL cited no scheduling conflict as to the proposed hearing date, but rather objected generally to the motion being raised at this stage of the proceedings. *See* Declaration of Marcia Sundeen in Support of Defendants' Motion for Judgment on the Pleadings ("Sundeen Decl."), ¶ 6.

infringement.  Specifically, the *Kessler* Doctrine "fills the gap" in preclusion doctrines and allows "an adjudged *non-infringer* to avoid repeated harassment for continuing its business as usual post-final judgment in a patent action where circumstances justify that result." *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1056 (Fed. Cir. 2014).

A straight-forward application of the *Kessler* doctrine establishes that TPL cannot relitigate the ITC's finding of non-infringement.  TPL chose to simultaneously bring actions in the ITC and in district court.  The ITC has jurisdiction to resolve the question of infringement and it conducted a thorough and extensive investigation before rendering its final decision.  An Administrative Law Judge (ALJ) reached a carefully reasoned opinion finding non-infringement.  The full Commission considered that decision and affirmed the non-infringement determination.  TPL could have appealed that decision to the Federal Circuit, but chose not to.  Thus, TPL had every opportunity to prove infringement in a competent tribunal and ultimately to the appellate court that would hear an appeal in this case.

TPL should not get another chance simply because it would like to try again in another forum.  The ITC proceeding is over and TPL lost.  Having elected to forgo appealing the ITC's determination that Defendants' products do not infringe the patents-in-suit, the issues in the pending cases are resolved.  There is no basis in law or policy for TPL to get another bite at the apple.

## STATEMENT OF ISSUE TO BE DECIDED

Does the *Kessler* doctrine bar TPL's claims for infringement of the patents-in-suit because the ITC has already found that Defendants' products do not infringe those patents, and TPL chose not to appeal that decision to the Federal Circuit?[2]

## STATEMENT OF FACTS

### A.   TPL's Complaint in the ITC

On March 27, 2012, TPL filed a complaint in the ITC under Section 337, alleging infringement of, *inter alia*, the same three patents that are asserted in this action, and requesting the

---

[2] A similar motion is pending in the N.D. Cal. San Jose division in another matter involving TPL. *See* Defendant Barnes & Noble, Inc,'s Motion for Judgment on the Pleadings, *Tech. Prop. Ltd. LLC et al. v. Barnes & Noble, Inc.,* No. 12-cv-03863 (N.D. Cal. Feb. 4, 2015), ECF No. 48.

1    ITC to institute an investigation.  (*See* Dkt. 12, Exh. A (4:14-cv-03640) (ITC Complaint).)  The

2    three patents are U.S. Patent Nos. 7,295,443 (the '443 Patent"), 7,522,424 (the '424 Patent") and

3    7,719,847 (the '847 Patent").  All three of these patents relate to memory card readers, which are

4    used in electronic devices such as laptops and printers.  TPL alleged that memory card readers used

5    in Defendants' products infringed these three patents. The ITC instituted an investigation based on

6    TPL's allegations of infringement and the investigation proceeded.[3]

7    **B.      TPL's Complaint in This Action**

8           On March 28, 2012, TPL brought suit in the U.S. District Court for the Eastern District of

9    Texas against each Defendant for alleged infringement of the same respective patents asserted in

10   the ITC.[4]  The operative allegations of infringement in each case are the same allegations set forth

11   in TPL's ITC Complaint.  *See, e.g.,* Compl. ¶¶ 5-52 (HP).  TPL's Complaint alleges that memory

12   card readers in Defendants' products infringe the patents-in-suit.  *Id.* ¶¶ 14, 26, 38 and 50.  The

13   newly identified products in this Action are essentially the same as the accused products identified

14   by TPL in the ITC matter.  Pursuant to 28 U.S.C. § 1659, the Court granted mandatory stays of

15   those cases pending the outcome of the ITC investigations based on unopposed motions.  (*See, e.g.,*

16   Dkt. 10.)

17   **C.      The ITC Decision**

18          The ITC investigation proceeded before Administrative Law Judge Essex.  The parties

19   engaged in extensive fact and expert discovery.  Judge Essex held a *Markman* hearing in August

20   2012 and issued a lengthy *Markman* order in October 2012.  In January 2013, Judge Essex held a

21   four-day evidentiary hearing where the parties presented extensive fact and expert testimony.  After

22   the hearing and briefing, Judge Essex, in August 2013, ruled that Defendants' products did not

23   infringe any of the three patents at issue in this suit.  With regard to the patents-in-suit, Judge Essex

24   ───────────────

25          [3] *Certain Computers and Computer Peripheral Devices, and Components Thereof, and
     Products Containing the Same*, Inv. No. 337-TA-841 (the "841 investigation").  The public version

26   of the ITC opinion is available on the ITC's EDIS system (http://edis.usitc.gov) and is also attached
     as Exhibit A to the Sundeen Declaration being submitted herewith.

27          [4] Different combinations of patents were asserted against various Defendants, but each of the
     patents asserted in the currently-pending actions was also asserted against the same Defendants in

28   the ITC action.

1   found that the memory card readers in Defendants' products did not satisfy the "mapping"

2   limitations required by all asserted claims.  TPL petitioned the Commission for review and reversal

3   of Judge Essex's conclusions.  The Commission granted review and, after additional briefing,

4   issued an opinion affirming the ALJ's decision of non-infringement.

5          TPL could have appealed to the Federal Circuit, but chose not to do so, thus rendering the

6   ITC judgment of non-infringement final.  Instead, TPL moved to lift the stays in the Eastern District

7   of Texas actions in an attempt to litigate anew the issues it lost at the ITC.  After lifting the stays

8   and consolidating the cases for pretrial purposes, the Texas Court transferred the cases to this Court

9   on August 12, 2014.

10                                            **ARGUMENT**

11  **I.     LEGAL STANDARD**

12         "After the pleadings are closed – but early enough not to delay trial – a party may move for

13  judgment on the pleadings." *Lyon v. Chase Bank USA, NA*, 656 F.3d 877, 883 (9th Cir. 2011)

14  (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)).  A motion under

15  Rule 12(c) is "functionally identical" to a motion to dismiss under Rule 12(b).  *Id.*  (quoting

16  *Dworkin*, 867 F.2d at 1192).  Thus, for a Rule 12(c) motion, "[t]he Court inquires whether the

17  complaint at issue contains 'sufficient factual matter, accepted as true, to state a claim of relief that

18  is plausible on its face.'" *Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (quoting

19  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "When considering a motion for judgment on the

20  pleadings, this court may consider facts that are contained in materials of which the court may take

21  judicial notice." *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n. 18 (9th Cir. 1999)

22  (internal quotation marks omitted).

23  **II.    THE *KESSLER* DOCTRINE BARS TPL FROM RE-LITIGATING WHETHER
24         DEFENDANTS' PRODUCTS INFRINGE THE PATENTS-IN-SUIT**

25         Because TPL brought suit in the ITC, and the ITC held that Defendants' products do not

26  infringe the patents-in-suit, TPL cannot relitigate that holding now.  This case falls squarely within

27  the *Kessler* doctrine, which bars relitigation of failed patent claims even where the case does not fit

28  precisely within the scope of *res judicata* or collateral estoppel.

**A. The *Kessler* Doctrine Prevents a Plaintiff from Relitigating a Finding of Non-Infringement**

In *Kessler*, the owner of a patent related to electric lighters (Eldred) filed an infringement suit against a competing seller of lighters (Kessler).  *Kessler*, 206 U.S. at 287-88.  Although Kessler prevailed, Eldred then brought an infringement suit against one of Kessler's customers, who sold the same lighters that were at issue in the first action.  *Id.*  Kessler intervened and also brought a separate suit to enjoin Eldred from asserting infringement claims against any of his customers for the use of the same lighter that had already been adjudged to be non-infringing.  *Id.*  The Supreme Court ultimately upheld the injunction, holding that the prior judgment, "whether it proceeds upon good reasons or upon bad reasons, whether it was right or wrong, settled finally and everywhere, and so far as Eldred … was concerned, that Kessler had the right to manufacture, use and sell the electric cigar lighter before the court." *Id.*  The Court explained that the judgment that Kessler had the right to sell his lighter came with "the corresponding duty of Eldred to recognize and yield to that right everywhere and always." *Id.*  If Eldred were able to continue to file suits accusing products previously determined not to infringe, "the result will be practically to destroy Kessler's judgment right." *Id.* at 290.  In short, by prevailing in the first suit, Kessler had immunized his lighter from any future infringement suits brought by Eldred.

The *Kessler* doctrine remains binding Supreme Court precedent, and the Federal Circuit recently reaffirmed its validity.  *See Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045 (Fed. Cir. 2014).  In *Brain Life*, the Federal Circuit recognized that "[t]here exists a separate and distinct doctrine, known as the *Kessler* Doctrine, that precludes some claims that are not otherwise barred by claim or issue preclusion." *Id.* at 1055-56.  "The *Kessler* Doctrine fills the gap between these preclusion doctrines, … allowing an adjudged *non-infringer* to avoid repeated harassment for continuing its business as usual post-final judgment in a patent action where circumstances justify that result." *Id.* at 1056.  The principle underlying this conclusion is that "when an alleged infringer prevails in demonstrating noninfringement, the specific accused device(s) acquires the 'status' of a noninfringing device vis-á-vis the asserted patent claims" and "when the devices in the first and second suits are essentially the same, the new product(s) also acquires the status of a noninfringing

1    device vis-á-vis the same accusing party or its privies." *Id.* at 1057 (internal quotation marks

2    omitted).  The Federal Circuit held that "because Elekta's GammaPlan, GammaKnife, and

3    SurgiPlan are essentially the same accused products" found non-infringing in a prior suit, "Brain

4    Life's claims are barred under the *Kessler* Doctrine." *Id.* at 1058.

5         Shortly after *Brain Life* was decided, this Court recognized that *Brain Life* had

6    "demonstrat[ed] that *Kessler* is still in force, and … that it 'precludes some claims that are not

7    otherwise barred by claim or issue preclusion.'" *SpeedTrack, Inc. v. Office Depot, Inc.*, No. C 07-

8    3602 PJH, 2014 WL 1813292, at *9 (N.D. Cal. May 6, 2014) (quoting *Brain Life*, 746 F.3d at 1055-

9    56).  And this Court accordingly held an infringement suit barred under *Kessler* where the same

10   plaintiff had previously lost an infringement suit involving the same patent and essentially the same

11   product.  *Id.*

**B. The *Kessler* Doctrine Bars TPL's Infringement Claims**

13        Here, as in *Kessler*, *Brain Life*, and *SpeedTrack*, there is a prior judgment that Defendants'

14   products do not infringe the same patents at issue.  In particular, the ITC found the memory card

15   readers in Defendants' products do not infringe the patents-in-suit because they have fixed signal

16   assignments and thus do not meet the "mapping" limitations required by all asserted claims.  That

17   judgment is final because TPL deliberately elected not to appeal to the Federal Circuit.

18        The *Kessler* doctrine bars TPL from relitigating its claims of infringement against

19   Defendants' products in this Court.  That the prior judgment came from the ITC, rather than a

20   federal court, is of no moment.  In *Kessler* itself, the Supreme Court recognized that the nature of

21   the court did not matter:  "If rights between litigants are once established by the final judgment of *a*

22   *court of competent jurisdiction* those rights must be recognized in every way, and *wherever the*

23   *judgment is entitled to respect*, by those who are bound by it." *Kessler*, 206 U.S. at 289 (emphases

24   added).  It is beyond dispute that the ITC – and the Federal Circuit – had jurisdiction over the

25   matter at issue here, and that the ITC's judgment is entitled to respect. [5]  If TPL had any basis to

---

[5] *See also B&B Hardware, Inc. v. Hargis Indus., Inc.*, No. 13-352, slip op., 575 U.S. __ (2015)
(holding that findings made by the Trademark Trial and Appeal Board ("TTAB") can have a
preclusive effect in subsequent federal court proceedings if the usual requirements of issue
preclusion are met, and the ***issues litigated in the two actions are "materially the same."***)
(emphasis added).

1    disturb any aspect of the ITC's judgment, the proper course would have been to appeal. Having

2    elected not to do so, TPL may not now press infringement claims against Defendants' products that

3    the ITC has finally resolved.

4         The *Kessler* doctrine applies even where no Federal Circuit appeal is available and the

5    question of infringement is resolved by a state court in interpreting a license agreement.  In *MGA,*

6    *Inc. v. General Motors Corp.*, 827 F.2d 729 (Fed. Cir. 1987), the Federal Circuit held that the

7    *Kessler* doctrine applies to state court judgments about the scope of license agreements that

8    effectively resolve infringement questions, even though jurisdiction over infringement is

9    exclusively federal.  The court explained:  "In this case, MGA selected its first defendant, first

10   forum and first remedy.  MGA had its day in court with a full trial on the merits of its case. … Nor

11   was MGA left without recourse to seek correction of any perceived errors committed by the state

12   court." *Id.* at 735.  The same (and more) is true of the ITC judgment here:  TPL chose to sue

13   Defendants in the ITC, and chose not to appeal the ITC's decision despite its potential for review of

14   the decision in the Federal Circuit.  The *Kessler* doctrine is based on the policy behind preventing

15   harassment and repeat litigation after a finding of non-infringement, and not on the availability of

16   *res judicata*.  This policy applies equally to an ITC matter as it does to a state court matter.  Indeed,

17   the case for application of the *Kessler* doctrine is even stronger in the ITC context, given the

18   expertise of the ITC in patent matters, as opposed to a state court, which has no jurisdiction at all

19   over patent claims and addressed the patent law issue only because it was a predicate to deciding

20   the contract claim.

21        Federal Circuit opinions holding that ITC decisions are not binding on district courts as a

22   matter of *res judicata* or collateral estoppel are inapposite because that is not the issue here. *See,*

23   *e.g., Texas Instruments v. Cypress Semiconductor Corp.*, 90 F.3d 1558,1569 (Fed. Cir. 1996) ('The

24   district court can attribute whatever persuasive value to the prior ITC decision that it considers

25   justified."); *LSI Corp. et al. v. U.S. International Trade Commission*, No. 14-1410 (Fed. Cir. Mar.

26   20, 2015) ("decisions of the ITC involving patent issues have no preclusive effect in other

27

28

forums.")[6] None of those cases involved a finding of non-infringement; thus there was no reason to consider the *Kessler* doctrine. *See, e.g., Cypress*, 90 F.3d at 1562-63 (noting ITC finding of infringement); *Bio-Tech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1563 (Fed. Cir. 1996) (considering ITC decision based on sanction for discovery violation).[7] Thus, with respect to an ITC finding of non-infringement, the Federal Circuit has not yet considered the *Kessler* doctrine or the policy behind that doctrine, i.e., the strong interest in preventing parties from getting a second chance at an infringement suit against products that have been found not to infringe.

The Federal Circuit case law on *res judicata* and collateral estoppel is also inapposite because the *Kessler* doctrine was created by the Supreme Court for the exact purpose of "fill[ing] the gaps" when *res judicata* or collateral estoppel are inapplicable but the party should still be bound. *Brain Life*, 746 F.3d at 1056; *see also SpeedTrack*, 2014 WL 1813292, at *9. Indeed, the *Kessler* doctrine is a special rule for patents given the particular interest there in preventing unfair harassment with multiple infringement suits. *Res judicata* and collateral estoppel are general doctrines that apply to all subject matters, and thus do not take account of this particular interest in patent cases.

### C. TPL Cannot Evade the Binding Effect of an ITC Finding of Non-Infringement by Choosing Not to Appeal

An ITC decision is binding under the doctrine of *stare decisis* when the Federal Circuit decides an appeal from that decision. As the Federal Circuit has explained:

---

[6] Defendants preserve the right to move at a future date for summary judgment based on the persuasive value that should be accorded to the ITC judgment. Defendants also preserve an argument that the Federal Circuit decisions regarding *res judicata* and collateral estoppel, which have never been confirmed by the Supreme Court, are erroneous, though Defendants recognize that they are binding on this Court.

[7] The one case that did involve a finding of non-infringement supports Defendants' position. *Powertech Tech. Inc. v. Tessera, Inc.*, 660 F.3d 1301 (Fed. Cir. 2011). That case in fact confirms that there are circumstances under which an ITC decision will be binding in later proceedings. In *Powertech*, the Federal Circuit held that the ITC's decision, as affirmed by the Federal Circuit, was binding as a matter of *stare decisis*. *Id.* at 1303-04, 1308. The Federal Circuit did not consider whether the *Kessler* doctrine provided an additional basis for holding that the finding of non-infringement was binding.

> TI also argues that by our denying preclusive effect to ITC determinations and to our decisions in appeals from ITC decisions, district courts would be free to ignore our decisions. That is not correct. District courts are not free to ignore holdings of this court that bear on cases before them. Subsequent panels of this court are similarly not free to ignore precedents set by prior panels of the court.

*Texas Instruments*, 90 F.3d at 1569. The Federal Circuit has recently reiterated that "[a]lthough the resolution of the ITC action will not have preclusive effect on … the district court in this case," the court is "nonetheless bound by *stare decisis* to abide by any legal precedents established by our court in" its decision affirming the ITC's finding of non-infringement. *Powertech*, 660 F.3d at 1308; *see also id.* ("To the extent Tessera's claims against PTI's customers arise from the same set of facts addressed in *Tessera*, the result we reached there would control equally here. Accordingly, we vacate the dismissal on jurisdictional grounds and remand with instructions to apply our decision in *Tessera*").

TPL attempted to avoid this binding effect of *stare decisis* by choosing not to appeal, but a party cannot evade an ITC ruling in this way. The Federal Circuit has never suggested otherwise because in all of the cases regarding the binding effect of ITC rulings, there was an appeal from the ITC judgment. *See Powertech*, 660 F.3d at 1307; *Texas Instruments*, 90 F.3d at 1563; *Bio-Tech. Gen. Corp.*, 80 F.3d at 1563. Indeed, there is no reasonable basis to allow a party to evade an ITC judgment by strategically choosing not to appeal an ITC judgment of non-infringement so as to simply start from scratch in district court.

First, courts consistently refuse to give a party the benefit of a tactical decision not to appeal. For example, the Supreme Court has held that a party that makes "a considered choice not to appeal … cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong …." *Ackermann v. United States*, 340 U.S. 193, 198 (1950). In another case, the Supreme Court held that respondents could not become "windfall beneficiaries of an appellate reversal procured by other independent parties" where the respondents "made a calculated choice to forgo their appeals." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 400-01 (1981); *see also, e.g.*, *Twelve John Does v. Dist. of Columbia*, 841 F.2d 1133, 1141 (D.C. Cir. 1988) ("[W]here the parties seeking relief have made a 'free, calculated, deliberate'

decision not to appeal, Rule 60(b)(6) is simply not available to relieve them of the consequences of that decision, absent extraordinary circumstances.").  This simply reflects the general principle that a party's failure to appeal a particular determination bars later relitigation of that issue.  *See, e.g., Function Media, L.L.C. v. Kappos*, 508 F. App'x 953, 956 (Fed. Cir. 2013) ("Google's failure to appeal the determined validity of those claims removed them from any subsequent actions."); *EFCO Corp. v. U.W. Marx, Inc.*, 124 F.3d 394, 399-400 (2d Cir. 1997) ("Where a plaintiff's motion to amend its complaint in the first action is denied, and plaintiff fails to appeal the denial, *res judicata* applies to the claim sought to be added in the proposed amended complaint.").  In particular, in the administrative context, the decision not to appeal to an Article III court does not deprive the administrative judgment of binding effect.  *See, e.g., McLellan v. Perry*, No. 3:12-CV-00391-MMD, 2014 WL 1309291, at *5 (D. Nev. Mar. 27, 2014) ("McLellan's contention that the unreviewed determination of the Hearing Officer cannot have a preclusive effect is contrary to established law… .  [T]he claim was litigated at the agency and became final when McLellan chose not to appeal to the state district court.").  Here, likewise, the binding effect of the ITC judgment should not be undermined by TPL's decision to forego an appeal.

Second, the reasoning in the *Kessler* line of cases demonstrates that a decision not to appeal is an illegitimate basis to avoid what would be an otherwise binding judgment.  For instance, in *Brain Life*, the patentee argued that because he abandoned some of the claims before trial in the first suit, he should be able to relitigate those claims.  The court rejected that argument, holding: "Simply, by virtue of gaining a final judgment of noninfringement in the first suit—where all of the claims were or *could have been asserted* against Elekta—the accused devices acquired a status as noninfringing devices, and Brain Life is barred from asserting that they infringe the same patent claims a second time." *Brain Life*, 746 F.3d at 1058 (emphasis added); *see also id.* at 1058-59 ("Brain Life instead focuses its efforts on demonstrating that the patent claims in the two suits are not essentially the same.  That is beside the point under the *Kessler* Doctrine because Elekta's … products have acquired the status of noninfringing products as to the '684 *patent, i.e.*, all claims that were brought or *could have been brought* in the first suit." (emphasis added)).

This Court similarly recognized in *SpeedTrack* that what matters under *Kessler* are the arguments the plaintiff could have pursued, regardless of whether it actually did so.  *See SpeedTrack*, 2014 WL 1813292, at *9 ("Certainly, if the *Kessler* doctrine bars the assertion of new *claims*, it must also bar the assertion of new *theories* involving the same, already-asserted claims."). Simply put, once a product is given a status of a non-infringing product as to a certain patent, that status cannot be undone by arguments about what a plaintiff might have done differently in the first suit.  This logic applies equally to TPL's decision not to appeal—what matters is that TPL could have brought all of its arguments to the Federal Circuit. TPL chose not to do so and it cannot undermine the binding effect of the ITC judgment.

Finally, *Kessler* was decided as a policy matter to ensure fairness to makers of products adjudged to be non-infringing, and those policies uniformly support giving binding effect to the ITC judgment here.  TPL filed suit in district court and in the ITC within one day of each other, alleging the same basis for infringement.  In the ITC proceeding, TPL had every incentive to—and in fact did—make its very best arguments for infringement.  Accordingly, this case is nothing more than a second attempt by TPL to pursue claims on which it already failed in another forum and to force Defendants to defend themselves again after being forced to expend substantial sums in defending themselves in the ITC—a prime example of harassment.  The proper way for TPL to challenge that decision would have been an appeal to the Federal Circuit, not to attack it indirectly (or otherwise ignore it) in this Court.  Such an indirect challenge is especially inefficient for the parties and the Court given that the ultimate review in this matter would also rest with the Federal Circuit.  And if allowed, it would wrongfully encourage parties not to appeal in the hope of receiving a different opinion from another forum, which they could still appeal if unsuccessful.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion in accordance with Rule 12(c) and enter judgment on the pleadings, dismissing Plaintiffs' pending causes of action with prejudice.

DATED:  May 1, 2015

By */s/Marcia H. Sundeen*
Marcia H. Sundeen (admitted Pro Hac Vice)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, DC 20001
Telephone:     (202) 346-4000
Facsimile:      (202) 346-4444
Email: msundeen@goodwinprocter.com

T. Cy Walker (admitted Pro Hac Vice)
KENYON & KENYON LLP
1500 K Street, NW, Suite 700
Washington, DC 20005
Telephone: 202-220-4200
Facsimile: 202-220-4201
Email: cwalker@kenyon.com

Megan Whyman Olesek (CA Bar No. 191218)
KENYON & KENYON LLP
1801 Page Mill Road, Suite 210
Palo Alto, CA 94304
Telephone: 650-384-4700
Facsimile: 650-384-4701
Email: molesek@kenyon.com

Rose Cordero Prey (admitted Pro Hac Vice)
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007
Telephone: 212-425-7200
Facsimile: 212-425-5288
Email: rcordero@kenyon.com

COUNSEL FOR DEFENDANT HEWLETT-
PACKARD
COMPANY

/s/ David M. Maiorana

David M. Maiorana (Ohio Bar No. 0071440)
Email: dmaiorana@jonesday.com
Calvin P. Griffith (Ohio Bar No. 0039484)
Email: cpgriffith@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone:   (216) 586-3939
Facsimile:   (216) 579-0212

Tracy A. Stitt (Washington Bar No. 1015680)
Email: tastitt@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:   (202) 879-3939
Facsimile:   (202) 626-1700

Jacqueline K. S. Lee (CA Bar No. 247705)
Email: jkslee@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:    (650) 739-3939
Facsimile:    (650) 739-3900

ATTORNEYS FOR DEFENDANTS
CANON INC. AND CANON U.S.A., INC

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

/s/ Gordon M. Fauth, Jr._____
Gordon M. Fauth, Jr. (SBN: 190280)
gmf@classlitigation.com
LITIGATION LAW GROUP
1801 Clement Ave., Ste. 101
Alameda, CA 94501
Tel: (510) 238-9610
Fax: (510) 337-1431

Kent E. Baldauf, Jr.
kbaldaufjr@webblaw.com
Bryan P. Clark
BClark@webblaw.com
THE WEBB LAW FIRM
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
Tel: (412) 471-8815
Fax: (412) 471-4094

COUNSEL FOR DEFENDANTS NEWEGG
INC. AND ROSEWILL INC.,

Kyle T. Barrett (State Bar No. 284595)
kbarrett@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:     (650) 739-3939
Facsimile:      (650) 739-3900

William E. Devitt (Admitted *Pro Hac Vice*)
wdevitt@jonesday.com
Matthew J. Hertko (Admitted *Pro Hac Vice*)
mhertko@jonesday.com
JONES DAY
77 W. Wacker, Suite 3500
Chicago, IL 60601
Telephone:     (312) 782-3939
Facsimile:      (312) 782-8585

ATTORNEYS FOR DEFENDANTS
SEIKO EPSON CORPORATION AND
EPSON AMERICA, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served on all counsel

for all parties of record on May 1, 2015 via the Court's CM/ECF system.

/s/ Marcia H. Sundeen

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS