1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3    TECHNOLOGY PROPERTIES LIMITED LLC          No. C 14-3640 CW
     and MCM PORTFOLIO LLC,
4                                               ORDER DENYING
             Plaintiffs,                        MOTION FOR
5                                               JUDGMENT ON THE
         v.                                     PLEADINGS
6
     CANON, INC. et al.,                        (Docket No. 302)
7
             Defendants.
8
     ═══════════════════════════════════/
9
     TECHNOLOGY PROPERTIES LIMITED LLC          No. C 14-3643 CW
10   and MCM PORTFOLIO LLC,
                                                (Docket No. 88)
11           Plaintiffs,

12       v.

13   HEWLETT-PACKARD COMPANY,

14           Defendant.

15   _____/

16   TECHNOLOGY PROPERTIES LIMITED LLC          No. C 14-3645 CW
     and MCM PORTFOLIO LLC,
17                                              (Docket No. 74)
             Plaintiffs,
18
         v.
19
     NEWEGG INC. et al.,
20
             Defendants.
21
     _____/
22
     TECHNOLOGY PROPERTIES LIMITED LLC          No. C 14-3646 CW
23   and MCM PORTFOLIO LLC,
                                                (Docket No. 85)
24           Plaintiffs,

25       v.

26   SEIKO EPSON CORPORATION, et al.,

27           Defendants.

28   _____/

These matters come before the Court on Defendants' Motion for Judgment on the Pleadings.  Docket No. 302.[1]  Defendants argue that their judgment of noninfringement from the International Trade Commission (ITC) bars Plaintiffs from proceeding with claims for infringement before this Court.  There is no basis for a district court to be bound by a decision of the ITC; indeed, Congress explicitly stated that such decisions "cannot have preclusive effect" in subsequent district court litigation. Defendants' motion is DENIED.

BACKGROUND

On March 27, 2012, Plaintiff Technology Properties Limited LLC (TPL) filed a complaint in the ITC under section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, alleging in part that the memory card readers used in Defendants' products infringe the three patents-in-suit.  Docket No. 12-1.  The ITC instituted an investigation.  Following discovery, a Markman[2] hearing and a four-day evidentiary hearing, the ITC's Administrative Law Judge issued an Initial Determination ruling that Defendants' products did not infringe the asserted patents.  TPL petitioned the ITC for review; after briefing, the ITC affirmed the ALJ's determination

---

[1] Docket numbers correspond to the docket for case number 14-3640, unless otherwise noted.

[2] Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995) (aff'd 517 U.S. 370 (1996)).

United States District Court
For the Northern District of California

of noninfringement.  TPL did not appeal the ITC opinion to the
Federal Circuit.

The day after TPL filed its complaint in the ITC, it also
filed complaints against Defendants in the United States District
Court for the Eastern District of Texas.  Docket No. 1; Case No.
14-3643, Docket No. 1; Case No. 14-3645, Docket No. 1; Case No.
14-3646, Docket No. 1.  TPL's allegations included the
infringement claims from the ITC complaint.  Pursuant to 28 U.S.C.
§ 1659, the court granted mandatory stays of the cases before it
pending the ITC investigation.  Docket No. 13.  Following issuance
of the ITC opinion, TPL moved to lift the stays in the Eastern
District of Texas.  Docket No. 19.  The court lifted the stays and
consolidated the TPL cases for pretrial purposes.  Docket No. 21.
TPL then filed amended complaints, adding co-Plaintiff and patent
owner MCM Portfolio LLC.  Docket Nos. 97, 102, 87 and 101.  The
cases were transferred to this Court on August 8, 2014.  Docket
No. 163.  On May 1, 2015, Defendants filed the instant motion for
judgment on the pleadings.  Docket No. 302.

LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides
that "[a]fter the pleadings are closed--but early enough not to
delay trial--a party may move for judgment on the pleadings."
Such a motion, like one brought under Rule 12(b)(6), challenges
"the legal sufficiency of the opposing party's pleadings."  Qwest
Communications Corp. v. City of Berkeley, 208 F.R.D. 288, 291

(N.D. Cal. 2002).  Judgment on the pleadings may be granted when the moving party clearly establishes that no material issue of fact remains to be resolved and that the moving party is entitled to judgment as a matter of law.  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989).

DISCUSSION

Defendants' motion is founded on the so-called Kessler doctrine, which has its origins in a 1907 case from the United States Supreme Court, Kessler v. Eldred, 206 U.S. 285 (1907).  In that case Eldred held a patent for an electric lamp lighter and brought a complaint in federal court in Indiana alleging infringement against Kessler, a manufacturer and retailer of electric cigar lighters.  Id. at 285.  The Indiana court found that Kessler's device did not infringe; this finding was affirmed on appeal.  Id. at 286.  Subsequently, Eldred brought an infringement lawsuit against a user of Kessler's lighters.  Id. Kessler then sued Eldred in federal court in Illinois, seeking an injunction barring Eldred from prosecuting further infringement claims against Kessler or Kessler's customers.  Id. at 287. Kessler appealed an adverse circuit court ruling to the United States Supreme Court, which held that the Indiana court's judgment "settled finally and everywhere . . . that Kessler had the right to manufacture, use, and sell the electric cigar lighter. . . ." Id. at 288.  The Supreme Court further explained that Eldred had a duty "to recognize and yield to that right everywhere and always,"

4

and that permitting Eldred to persist in his infringement suits would allow him to "destroy Kessler's judgment right." Id. at 289. Thus the Kessler doctrine may be distilled as a rule allowing a party with a judgment of noninfringement to cite that judgment to bar subsequent claims of infringement.

But for a few select applications[3], the Kessler doctrine lay dormant until the Federal Circuit revived it last year in Brain Life, LLC v. Elekta, Inc., 746 F.3d 1045 (Fed. Cir. 2014). In that case, MIDCO sued Elekta alleging that Elekta's products infringed MIDCO's patent. Id. at 1048. The case proceeded to trial and the jury found infringement, but on appeal the Federal Circuit vacated the jury's finding of infringement and remanded to the district court with instructions to enter a judgment of noninfringement as a matter of law. Id. The district court entered final judgment in favor of Elekta. Id. MIDCO unsuccessfully appealed, rendering the trial court judgment final. Id.

Subsequently, Brain Life acquired a license to MIDCO's patent and filed infringement suits against several parties, including Elekta. Id. at 1050-51. Brain Life moved to dismiss Elekta's claim preclusion and issue preclusion defenses and Elekta moved

---

[3] See MGA, Inc. v. General Motors Corp., 827 F.2d 729 (Fed. Cir. 1987) (applying Kessler to affirm summary judgment against patentee where alleged infringer already had a judgment of noninfringement from prior state court litigation in which the infringement question was subsumed by a state law question about a licensing agreement).

United States District Court
For the Northern District of California

for summary judgment on its claim preclusion defense. Id. at
1051. The district court granted Elekta's motion for summary
judgment, finding first that there was no material difference
between the products already litigated in the current case and the
products at issue in the MIDCO case, and also concluding that
Elekta's judgment in its favor from the MIDCO litigation barred
Brain Life's claims. Id.

On appeal, the Federal Circuit engaged in a lengthy
discussion of claim preclusion (also known as res judicata), issue
preclusion (which encompasses collateral estoppel) and the Kessler
doctrine. Id. at 1053-59. The court held that claim preclusion
barred the assertion of acts of infringement that predated the
MIDCO litigation, but that claim preclusion would not bar suit
alleging infringing acts or products created after the MIDCO case.
Id. at 1054. With regard to issue preclusion, the court held that
only claims that were actually litigated were barred, so that
doctrine's preclusive effect did not apply to products created
after the MIDCO case. Id. at 1055. The court then turned to the
Kessler doctrine, synthesizing the three principles as follows:

> As explained above, however, traditional notions of
> claim preclusion do not apply when a patentee accuses
> new acts of infringement, i.e., post-final judgment, in
> a second suit—even where the products are the same in
> both suits. Such claims are barred under general
> preclusion principles only to the extent they can be
> barred by issue preclusion, with its attendant
> limitations. The Kessler Doctrine fills the gap between
> these preclusion doctrines, however, allowing an
> adjudged non-infringer to avoid repeated harassment for

continuing its business as usual post-final judgment in a patent action where circumstances justify that result. Id. at 1056. Thus, by operation of the Kessler doctrine, Brain Life was barred from asserting that the accused products from the MIDCO litigation infringed its patent, even for acts of infringement occurring post-judgment. Id. at 1058. Further, Brain Life was barred from alleging infringement for subsequent versions of the previously-accused Elekta products where those subsequent versions are "essentially the same" as the previously-accused products. Id. at 1057-58 (quoting Foster v. Hallco Mfg. Co., 947 F.2d 469, 479-80 (Fed. Cir. 1991)). The court only permitted claims involving a product created after the MIDCO litigation to proceed to trial, holding that none of the preclusion doctrines discussed above applied. Id. at 1058.

In their motion, Defendants argue that, like the defendants in Kessler and Brain Life, they have a prior judgment of noninfringement, albeit from the ITC, and that the Kessler doctrine bars relitigation of TPL's infringement claims. While only a few of this suit's accused products were at issue before the ITC, both parties agree that the newly accused products included in this suit are "essentially the same" as those under consideration before the ITC, so if the Kessler doctrine applies, then Defendants are entitled to judgment on the pleadings. Motion Brief at 6; Response at 4. The obvious impediment to the application of the Kessler doctrine in this case, forming the

United States District Court
For the Northern District of California

basis of Plaintiffs' response, is that Defendants' judgment came from the ITC and not a state or federal court. Defendants offer several arguments in support of treating an ITC decision as a court decision and the Court now addresses each in turn.

First, Defendants argue that the Supreme Court recognized that the identity of the first court does not matter and quote the following language from <u>Kessler</u>: "If rights between litigants are once established by the final judgment of a court of competent jurisdiction those rights must be recognized in every way, and wherever the judgment is entitled to respect, by those who are bound by it." Motion Brief at 9, Reply Brief (Docket No. 313) at 3 (quoting <u>Kessler</u>, 206 U.S. at 289). There being no dispute that the ITC had jurisdiction over the investigation, Defendants argue that the ITC's judgment is "entitled to respect." There are a few problems with this argument. First, there is no possibility that the Supreme Court had ITC judgments in mind when it decided <u>Kessler</u> because the ITC's predecessor agency, the United States Tariff Commission, was not created until nine years after <u>Kessler</u> in 1916. <u>Frischer & Co. v. Bakelite Corp.</u>, 39 F.2d 247, 254 (C.C.P.A. 1930). Second, when a court is considering the binding nature of an administrative agency's decision given pursuant to a statutory grant of authority[4], the relevant inquiry is not whether

---

[4] In this case, the ITC acted pursuant to its authority under section 337 of the Tariff Act of 1930, as amended by the Trade Reform Act of 1974.

the court believes the decision ought to be binding, but whether Congress did not intend to grant the agency authority to provide binding decisions.  Texas Instruments, Inc. v. Cypress Semiconductor Corp., 90 F.3d 1558, 1568 (Fed. Cir. 1996) ("an administrative agency decision, issued pursuant to a statute, cannot have preclusive effect when Congress, either expressly or impliedly, indicated that it intended otherwise.")  Congress has expressly indicated that ITC decisions are not entitled to have preclusive effect, explaining that:

> [I]n patent-based cases, the Commission considers, for its own purposes under section 337, the status of imports with respect to the claims of U.S. patents.  The Commission's findings neither purport to be, nor can they be, regarded as binding interpretations of the U.S. patent laws in particular factual contexts.  Therefore, it seems clear that any disposition of a Commission action by a Federal Court should not have res judicata or collateral estoppel effect in cases before such courts.

Id. (quoting S.Rep. No. 1298, 93d Cong., 2d Sess. 196 (1974), reprinted in 1974 U.S.C.C.A.N. 7186, 7329).  In their Reply Brief, Defendants make much of the fact that this quote came from a Senate Report and not from "'Congress' and 'statutory authority.'" Reply Brief at 5.  However, the Federal Circuit has consistently interpreted this legislative history to mean that "Congress did not intend decisions of the ITC on patent issues to have preclusive effect."  Id.; accord Bio-Tech. Gen. Corp. v. Genentech, Inc., 80 F.3d 1553, 1564 (Fed. Cir. 1996) ("[W]e hold that the ITC's prior decision cannot have claim preclusive effect

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

in the district court."). Defendants cite no contrary statements showing that Congress intended the opposite, despite the fact that this interpretation has been on the books for decades.

Defendants also include a footnote citing a recent Supreme Court case, B&B Hardware, Inc. v. Hargis Indus., Inc., 135 S. Ct. 1293, 1299 (2015), for the notion that administrative agency findings can have a preclusive effect in subsequent federal court proceedings. Motion Brief at 9 n.5. This case actually undermines Defendants' position because the opinion emphasized that courts must defer to Congress's view that an agency's action should not be preclusive. Id. at 1305. Where, as here, there is an explicit indication that Congress did not intend the ITC's decision to have preclusive effect, the Court cannot grant the decision such an effect.

Indeed, Defendants concede that ITC decisions are not binding on district courts as a matter of claim preclusion or issue preclusion. Motion Brief at 10. This is particularly salient to the question before the Court today, considering the Kessler doctrine's raison d'être. As the Federal Circuit articulated in Brain Life, the Kessler doctrine "fills the gap" between these preclusion doctrines. Brain Life, 746 F.3d at 1056. Plaintiffs argue, and the Court agrees, that because these preclusion doctrines do not apply in the context of ITC decisions and subsequent district court litigation, there is no gap for the Kessler doctrine to fill.

Finally, Defendants argue that TPL[5] cannot evade the binding effect of the ITC's finding of noninfringement by simply not appealing to the Federal Circuit.  Motion Brief at 11, Reply Brief at 7.  In response, Plaintiffs explain the practical reasons for TPL's decision not to appeal.  Plaintiffs state that they are claiming monetary damages and, of course, the ITC is not empowered to award such damages.  Response at 4.  Additionally, Plaintiffs assert their right to a jury trial on the infringement issues and note that the only way for them to exercise that right is to pursue litigation in a district court.  Response at 3-4.  The Federal Circuit has previously noted that granting ITC decisions preclusive effect could run afoul of the Constitution.  Texas Instruments, 90 F.3d at 1569 n.10 ("Moreover, allowing prior ITC decisions on patent infringement questions to have preclusive effect would potentially deprive the parties of their Seventh Amendment right to a jury trial on the issue of infringement.").  Defendants offer no response to this persuasive Constitutional argument in their Reply Brief.

It is true that TPL could have appealed the ITC decision but chose not to.  Nonetheless, no authority establishes that the Court can hold that decision against Plaintiffs in this context.  The cases Defendants cite in support of their contention that

---

[5] Defendants do not address how or whether this argument applies to Plaintiff MCM Portfolio LLC, which was not a party at the ITC.

United States District Court
For the Northern District of California

failure to appeal bars relitigation of the decided issue all

transpired in distinguishable procedural circumstances.[6]  The fact

remains that legal precedents regarding the preclusionary effect

of an ITC decision were established long before the parties'

dispute began.  Application of this longstanding rule to the facts

of this case yields another chance for TPL to raise its

infringement claims.  Though the other side of the coin is that

Defendants have to defend against the same claims again, the Court

is not bound by the ITC decision and will not employ the Kessler

doctrine to bar Plaintiffs' claims of infringement from this

forum.  Accordingly, Defendants' motion is DENIED.

> IT IS SO ORDERED.

Dated: 06/24/2015

CLAUDIA WILKEN
United States District Judge

---

[6] Notably, the only case Defendants cite that proceeded in an administrative law context, a district court order in McLellan v. Perry, considered a state administrative tribunal and a subsequent federal case brought under 28 U.S.C. § 1983.  It is well established that "[a]s a matter of federal common law, federal courts give preclusive effect to the findings of state administrative tribunals in subsequent actions under § 1983." McLellan v. Perry, 2014 WL 1309291 at *2 (D. Nev.) (quoting Miller v. County of Santa Cruz, 39 F.3d 1030, 1032 (9th Cir. 1994)). That the district court was bound by the administrative agency's determinations in that case sheds little light on the issue currently before the Court where there is no such rule.