United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC, et al.,<br><br>          Plaintiffs,<br><br>    v.<br><br>CANON INC., et al.,<br><br>          Defendants. | Case No.  14-cv-03640-CW   (DMR)<br>Case No. 14-3643 CW (DMR)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Re: Dkt. No. 365 (14-3640), 132 (14-3643) |
| TECHNOLOGY PROPERTIES LIMITED LLC, et al.,<br><br>          Plaintiffs,<br><br>    v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>          Defendant. | |

Plaintiffs Technology Properties Limited LLC ("TPL") and MCM Portfolio LLC ("MCM") (collectively, "Plaintiffs"), and Defendants Canon Inc.; and Canon U.S.A., Inc. ("Canon") and Hewlett-Packard Company ("HP") (collectively, "Defendants") filed a joint discovery letter in which Plaintiffs move for leave to amend their infringement contentions. [Docket Nos. 365 (No. C 14-3640), 132 (No. C14-3643) (Joint Letter).] [1]  Having considered the parties' briefing and oral argument, Plaintiffs' motion to amend their infringement contentions is GRANTED.

## I.     BACKGROUND

In these related patent cases, Plaintiffs allege that Defendants' products infringe one or

---

[1] All further docket references are to the entries in the lead case, No. 14-3640-CW, *Technology Properties Ltd. LLC v. Canon Inc*., unless otherwise noted.

United States District Court
Northern District of California

1   more patents issued to MCM and licensed by TPL.  In March 2012, Plaintiffs filed suits against

2   Canon and HP in the United States District Court, Eastern District of Texas.  The suits involve

3   U.S. Patent Nos. 7,295,443 ("the '443 patent"), 7,522,424 ("the '424 patent"), and 7,719,847 ("the

4   '847 patent"), all entitled "Smartconnect Universal Flash Media Card Adapters."  These patents

5   relate to memory card readers, which are used in electronic devices such as laptops and printers to

6   view digital photos and videos.  The court issued a stay pending resolution of an action filed by

7   TPL with the United States International Trade Commission ("ITC"), and lifted the stay in

8   February 2014 after the ITC proceedings concluded.

9          In August 2014, the court transferred the cases to the Northern District of California.  In

10  October 2014, these two cases, along with other patent infringement cases brought by Plaintiffs

11  against various defendants, were related before the Hon. Claudia Wilken.[2]  On September 18,

12  2015, Judge Wilken issued an order construing seven disputed claim terms.  [Docket No. 334

13  (Claim Construction Order).]  On November 4, 2015, Judge Wilken issued an order amending the

14  September 18, 2015 claim construction order, modifying its construction of two disputed claim

15  terms; those modifications are not at issue in the present motion.  [Docket No. 359.]  Plaintiffs

16  now seek leave to amend their infringement contentions based on the claim construction order.

17  **II.     LEGAL STANDARDS**

18         The local rules of the Northern District of California require parties to define their theories

19  of patent infringement and invalidity early on in the course of litigation.  *O2 Micro Int'l Ltd. v.*

20  *Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359 (Fed. Cir. 2006).  "In contrast to the more

21  liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly

22  conservative, and designed to prevent the shifting sands approach to claim construction."  *Positive*

23  *Techs., Inc. v. Sony Elecs., Inc.*, No. C. 11-2226-SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28,

24  2013) (citation omitted).  Thus, this district's Patent Local Rules permit parties to amend their

25  infringement contentions "only by order of the Court upon a timely showing of good cause."  *See*

26

27  _____

    [2] The remaining defendants in the related cases are Seiko Epson Corporation and Epson America,

28  Inc. ("Seiko Epson") (No. C 14-3646 CW).  Seiko Epson does not join in this dispute.

Patent L.R. 3-6.  The Patent Local Rules provide a non-exhaustive list of circumstances that support a finding of good cause, provided there is no prejudice to the non-moving party.  These include "(a) claim construction by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions."  Patent L.R. 3-6.  By requiring a showing of good cause, "Local Rule 3-6 serves to balance the parties' rights to develop new information in discovery along with the need for certainty in legal theories at the start of the case."  *Open DNS, Inc. v. Select Notifications Media, LLC*, No. C-11-5101 EJD (HRL), 2013 WL 2422623, at *2 (N.D. Cal. June 3, 2013) (citing *O2 Micro*, 467 F.3d at 1366).

The court may deny a motion for leave to amend infringement contentions if it would cause "undue prejudice to the non-moving party."  Patent L.R. 3-6.  Where the moving party is unable to show diligence, there is "no need to consider the question of prejudice," *see O2 Micro*, 467 F.3d at 1368, although a court in its discretion may elect to do so, *see, e.g., Dynetix Design Solutions Inc. v. Synopsys Inc.*, No. Cv-11-5973-PSG, 2012 WL 6019898, at *1 (N.D. Cal. Dec. 3, 2012).  The moving party bears the burden of establishing diligence.  *See O2 Micro*, 467 F.3d at 1366.

## III.  DISCUSSION

Plaintiffs seek leave to amend their infringement contentions based on the claim construction order as to each of the seven terms construed by Judge Wilken.  Defendants oppose the amendments only as to two of the seven terms: "means for [identifying/determining] the type of memory card inserted into said port" and "contact pins integrated within the molded plastic."  Defendants also oppose amendments to the preambles of the independent claims related to the amendments to "means for identifying/determining."

Plaintiffs argue that good cause exists for the disputed amendments because they address the court's construction of the two terms in a manner different from that proposed by the parties, as follows:

| Element | Defendants' Proposal | Plaintiffs' Proposal | Court's Construction |
|---|---|---|---|
| "means for [identifying/determining] the type of memory card inserted into said port"[3] | Structure: "a controller and card detect lines for the various cards, wherein the card detect lines for at least one type of memory card is multiplexed with data bus lines for at least one other type of card"<br><br>Function: "identifying the type of memory card inserted into said port" | Structure: "a controller"<br><br>Function: "identifying the type of memory card inserted into said port" | Structure: "a controller and card detect lines"<br><br>Function: "[identifying/determining] the type of memory card inserted into said port" |
| "contact pins integrated within the molded plastic" | Contact pins are "embedded within molded plastic." Contact pins do not correspond to floating contact pins. | Plain and ordinary meaning; no construction necessary | "contact pins embedded within the molded plastic" |

As to the first term, Plaintiffs seek leave to amend based on the court's construction of this term to require "a controller and card detect lines," arguing that neither party proposed this construction. Plaintiffs request amendment to provide further detail about how the accused products include "card detect lines," and to include an infringement contention under the doctrine of equivalents. Plaintiffs assert that the court's construction of the structure as "a controller and card detect *lines*" (plural rather than singular) necessitates the addition of a doctrine of equivalents argument. They also seek leave to amend the preambles of the independent claims to "clarify Plaintiffs' amendments to 'means for identifying/determining'" by "identify[ing] a category of infringing

---

[3] In the claim construction order, the court noted the parties' agreement that these phrases are means-plus-function claims governed by 35 U.S.C. § 112, ¶ 6, which "permits an applicant to express a claim limitation as a means or step for performing a specified function without claiming the structure that performs the function." *Biomedino, LLC v. Waters Techs. Corp.*, 490 F.3d 946, 947 (Fed. Cir. 2007). The parties "agree that the function is identifying the type of memory card inserted into the port," but dispute the corresponding structure. Claim Construction Order at 17.

United States District Court
Northern District of California

products" which "provide[s] supporting evidence for its amended contentions on 'card detect lines.'" Joint Letter at 3 n.8. As to the second term, Judge Wilken held that "[c]onstruction of the term to require that the contact pins be embedded--that is, firmly fixed--in the molded plastic reflects [the] stated purpose" that "'integrating' the pins into the plastic is to build a physical structure that is sturdier than if the pins were merely resting upon the plastic." Claim Construction Order at 24. Plaintiffs seek to add an infringement contention under the doctrine of equivalents in light of the court's statement that the pins must be "firmly fixed." Plaintiffs argue that neither party proposed a "firmly fixed" limitation.

In response, Defendants assert that Plaintiffs have not shown good cause to introduce new theories of infringement. They argue that Plaintiffs have not acted diligently, because they have been on notice for years of the same constructions upon which they now rely to justify amendment.

### A.   Diligence

Plaintiffs argue that they acted diligently in seeking leave to amend their infringement contentions. Following the September 18, 2015 claim construction order, Plaintiffs worked with their expert to determine where amendment was appropriate. Plaintiffs prepared and served proposed amended contentions less than 30 days after the court's order, and promptly moved for leave to amend once they learned that Defendants opposed certain amendments. Joint Letter at 3-4. As noted, Patent Local Rule 3-6 provides that circumstances that support a finding of good cause include "[a] claim construction by the Court different from that proposed by the party seeking amendment." Patent L.R. 3-6(a). There is no dispute that Judge Wilken declined to adopt the constructions proposed by Plaintiffs, and Plaintiffs moved for leave to amend on October 23, 2015, just over one month after the court issued its claim construction order. [*See* Docket No. 344.]

In response, Defendants argue that Plaintiffs have not shown good cause for the proposed amendments because they seek to introduce new theories of infringement for the first time in a case that the parties have been litigating since March 2012. Specifically, they argue that the court's recent claim construction order "is not the first one construing the claims at issue." Joint

1   Letter at 5.  According to Defendants, the parties first exchanged proposed constructions for the

2   claims at issue in this case in July 2012 in the ITC.  They contend that the ITC respondents,

3   including Canon and HP, initially proposed a construction for the term "contact pins are integrated

4   within the molded plastic" that construed "integrated" as "embedded," consistent with Judge

5   Wilken's construction.  They also proposed that the structure for the term "means for identifying"

6   included "a controller that reads card detect lines."  Joint Letter at 5.  On October 5, 2012, the ALJ

7   presiding over the ITC proceeding issued an order adopting the respondents' proposed

8   construction of "integrated" as "embedded," and stated that the structure for "means for

9   identifying" could include card detect lines.  *Id.*

10        Following the lifting of the stay and transfer of the cases to this District, Plaintiffs served

11   infringement contentions that incorporated by reference their ITC expert report, which applied the

12   ALJ's claim construction.  Plaintiffs served supplemental infringement contentions on March 6,

13   2015.  According to Defendants, the court's recent claim construction order "is, with few

14   exceptions, consistent with the ALJ's constructions and/or constructions previously proposed by

15   Defendants."  Therefore, Plaintiffs' proposed amendments "are improper because [Plaintiffs] had

16   all the information [they] needed to raise these arguments for years, but never included them in

17   [their] contentions until now."  Joint Letter at 6.

18        "[D]iffering claim construction in and of itself does not constitute good cause [to amend

19   infringement contentions]."  *Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014

20   WL 789197, at *2 (N.D. Cal. Feb. 26, 2014) (citation omitted).  "[T]he moving party must still

21   establish its diligence."  *Id*.  Defendants argue that Plaintiffs' diligence must be measured from

22   2012, when Defendants first proposed constructions of the disputed terms in the ITC proceeding

23   and the ALJ construed the disputed terms in a manner purportedly consistent with Defendants'

24   proposed constructions.  Defendants do not cite any cases in which a court assessed diligence

25   dating back to an ITC or similar proceeding.  Instead, they cite *Cisco Systems, Inc. v.*

26   *Teleconference Systems, LLC*, No. 09-cv-01550 JSW (NC), 2012 WL 9337627, at *3-4 (N.D. Cal.

27   June 11, 2012), in support of their position.  In *Cisco Systems*, the court measured the moving

28   party's diligence in seeking leave to amend its infringement contentions from the date the

United States District Court
Northern District of California

6

1   opposing party served its proposed meritorious construction, rather than from the date the court

2   issued its claim construction order.

3          The court notes that courts in this district have split in interpreting Patent Local Rule 3-

4   6(a), which provides that "a claim construction by the Court different from that proposed by the

5   party seeking amendment" may support a finding of good cause to amend.  For example, in

6   *Emblaze Ltd. v. Apple Inc.*, No. 5:11-cv-01079-PSG, 2013 U.S. Dist. LEXIS 132169, at *5 (N.D.

7   Cal. Sept. 12, 2013), one court held that Patent Local Rule 3-6(a) "imposes no different standard

8   when the different claim construction was first proposed by the opposing party."  Similarly, in

9   *Chrimar Systems, Inc. v. Cisco Systems, Inc.*, No. 13-cv-01300-JSW (MEJ), 2015 U.S. Dist.

10  LEXIS 73935, at *16-17 (N.D. Cal. May 14, 2015), the court rejected the argument that a party

11  seeking leave to amend its infringement contentions must "establish it acted with diligence from

12  the time it received the proposed claim constructions, not from the time those constructions []

13  were ultimately ordered by the Court," citing *Emblaze*.  In comparison, the court in *Verinata* held

14  that the moving party had failed to establish diligence in moving to amend its invalidity

15  contentions where the court had adopted the opposing party's proposed constructions and the

16  moving party's original contentions were "based on how [the moving party] understands Plaintiffs

17  may be construing the asserted claims of the patents-in-suit."  2014 WL 789197, at *2-3; *see also*

18  *Sunpower Corp. Sys. v. Sunlink Corp.*, No. C-08-2807 SBA (EMC), 2009 WL 1657987, at *1

19  (N.D. Cal. June 12, 2009) (moving party failed to show good cause where "[t]he risk of the

20  construction rendered by the presiding judge was well known and anticipated by [the moving

21  party]" and the moving party had already served "[p]rior art and claims charts anticipating that

22  construction.").

23         This court need not resolve this split, because regardless of the proposed constructions

24  before the ITC, the district court in this case did not simply adopted the constructions proposed by

25  Defendants.  Instead, Judge Wilken adopted a modified version of Defendants' proposed

26  constructions for each of the two disputed terms.  As to the first disputed term, Defendants

27  proposed "a controller and card detect lines for the various cards, wherein the card detect lines for

28  at least one type of memory card is multiplexed with data bus lines for at least one other type of

United States District Court
Northern District of California

card."  The court construed this term as "a controller and card detect lines," specifically rejecting Defendants' contention that the data bus lines "be multiplexed in all embodiments of the patent." Claim Construction Order at 19.

As to the second disputed term, Defendants proposed a construction that the pins are "embedded within molded plastic," and that "contact pins do not correspond to floating pins." While a portion of the court's construction was consistent with Defendants' proposal, ("contact pins embedded within molded plastic,") the court also concluded "that the claims do not necessarily disallow the use of floating pins in every embodiment," and declined to define the claim term with reference to floating contact pins.  Claim Construction Order at 23-24.  Further, the court noted that "[c]onstruction of the term to require that the contact pins be embedded--that is, firmly fixed--in the molded plastic reflects [the] stated purpose" of "'integrating' the pins into the plastic . . . to build a physical structure that is sturdier than if the pins were merely resting upon the plastic."  Claim Construction Order at 24.  As Plaintiffs note (and Defendants do not dispute), the "firmly fixed" condition was never proposed by any party to these proceedings.  Therefore, the court's construction of the two terms at issue differed from Defendants' proposals.  It is therefore inappropriate to measure Plaintiffs' diligence from a date earlier than the court's claim construction order.[4]  *See MyMedicalRecords, Inc. v. Quest Diagnostics, Inc.*, No. 2:13-cv-02538-ODW(SHx), 2014 WL 5810363, at *3 (C.D. Cal. Nov. 6, 2014) (holding that it was reasonable to wait to move to amend infringement contentions until after claim construction order; noting "[n]either party had any way of predicting how the Court would rule on the claim construction dispute before it issued the Claim–Construction Order.")

---

[4] Defendants also cite *Angioscore, Inc. v. TriReme Medical, Inc.*, No. 12-cv-03393-YGR, 2015 WL 75187, at *4 (N.D. Cal. Jan. 6, 2015), for the proposition that a party seeking to amend infringement contentions based upon a claim construction order must show good cause and "must also demonstrate that (1) the Court's construction was 'so different that amended infringement contentions were necessary,' and must (2) give a reason for why it waited until so late in the litigation to disclose its position on infringement."  However, the court in *Angioscore* did not cite any authority for this additional test.  The court notes that it has not found any cases following this portion of *Angioscore*, and the court respectfully declines to follow it here.  Further, *Angioscore* is distinguishable, as the court denied a motion for leave to amend infringement contentions as untimely where the moving party waited five months after the claim construction and summary judgment order to seek leave to amend.  *Id.* at *5.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

The court concludes that Plaintiffs have established diligence in seeking leave to amend one month after the court issued the claim construction order.  *See, e.g., Chrimar*, 2015 U.S. Dist. LEXIS 73935, at *16-21 (finding moving party had demonstrated diligence by moving for leave to amend infringement contentions less than one month after claim construction order).

**B.      Prejudice**

Plaintiffs argue that the proposed amendments do not prejudice Defendants in any way, given that expert discovery is open until June 16, 2016 and trial is set to begin December 5, 2016, over ten months away.  Defendants assert only that Plaintiffs' "proposal of new infringement theories after over three years represents exactly the 'shifting sands approach' that the Patent Local Rules are designed to prevent."  Joint Letter at 8 (citation omitted).  Defendants do not set forth any actual prejudice that would result from permitting Plaintiffs leave to amend their infringement contentions, nor do they articulate any other basis for prejudice.  Accordingly, the court finds that Defendants will not be unduly prejudiced by permitting Plaintiffs to amend their infringement contentions.

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for leave to amend their infringement contentions is GRANTED.  Plaintiffs shall serve amended infringement contentions within 14 days of the date of this order.

**IT IS SO ORDERED.**

Dated: April 6, 2016



Donna M. Ryu
United States Magistrate Judge
Judge Donna M. Ryu