IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TECHNOLOGY PROPERTIES LIMITED LLC and MCM PORTFOLIO LLC,

    Plaintiffs,

  v.

CANON INC. et al.,

    Defendants.
_____/

No. C 14-3640 CW

ORDER GRANTING MOTION TO SET ASIDE

(Docket No. 476)

Plaintiff Technology Properties Limited LLC (TPL), joined by MCM Portfolio LLC (MCM), moves the Court to set aside its previous order dismissing TPL's claims unless TPL and MCM could cure TPL's standing deficiency. The Court GRANTS TPL's motion.

## BACKGROUND

In an order dated June 17, 2016, the Court concluded that the CORE Flash Assignment dated April 16, 2015 divested TPL of its constitutional standing. Docket No. 465, Order. It dismissed TPL's claims and stayed the dismissal for one month to allow TPL and MCM to reach an agreement that would cure TPL's standing problem. TPL filed this motion, attaching a new Assignment between it and MCM. It is dated as of April 16, 2015, and makes the following assignments:

1. MCM hereby assigns unto Assignee a fully alienable right to sue for and collect past, present and future damages by reason of past or present infringement of the Patents in Suit by Canon.
2. MCM hereby assigns unto Assignee the exclusive rights: (a) to sue Canon with respect to the Patents in Suit, (b) to exclude Canon from practicing the Patents in Suit, (c) to pursue and collect past, present, and future damages and any other remedies of whatsoever kind or nature by reason of past,

present, or future infringement of the Patents in Suit by Canon, and (d) to license Canon with respect to the Patents in Suit.

Docket No. 476-1, Assignment. MCM joined TPL's motion. TPL attached an Addendum to the Additional Assignment to its reply, also dated as of April 16, 2015. That Addendum states:

1. MCM hereby assigns unto Assignee the exclusive license to the '443 and '424 Patents for the Field of Use.
2. "Field of Use" means to make, have made, use, sell, have sold, import and have imported products bearing the Canon brand.

Docket No. 488-1, Addendum.[1]

## LEGAL STANDARD

The "touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury." WiAV Sols. LLC v. Motorola, Inc., 631 F.3d 1257, 1265 (Fed. Cir. 2010). Grantees of exclusionary rights, or "exclusive licensees," are capable of suffering injury in fact for standing purposes. Morrow v. Microsoft Corp., 499 F.3d 1332, 1340 (Fed. Cir. 2007).[2] Exclusive licensees are distinguishable from bare licensees, who do not have standing to sue, because bare licenses provide only a covenant not to sue. Ortho Pharm. Corp. v. Genetics Institute, Inc., 52 F.3d 1026, 1032 (Fed. Cir. 1995).

---

[1] TPL notes that "Canon" encompasses both Defendants here.

[2] Patentees are normally joined to suits filed by exclusive licensees "for the purpose of avoiding the potential for multiple litigations and multiple liabilities and recoveries against the same alleged infringer." Id. There is no dispute regarding this requirement because MCM, the patentee, is also a Plaintiff.

These nonexclusive licensees suffer no legal injury from infringement. Id. at 1031. By contrast, an exclusive licensee is a "beneficial owner of some identifiable part of the patentee's bundle of rights to exclude others." Id. at 1032. These proprietary rights are the rights to exclude others from making, using or selling the invention in the United States. Id. at 1031-32.

Thus, the exclusive licensee must have rights in the patent beyond a right to sue a competitor for infringement. An exclusive licensee must possess "indicia of a true ownership interest in the patent, such as the right to transfer its interest." Propat Int'l Corp. v. Rpost, Inc., 473 F.3d 1187, 1194 (Fed. Cir. 2007). Provisions in a licensing agreement that are "more consistent with the status of an agent than a co-owner" will weigh against concluding that a party is an exclusive licensee. Id. Further, a right-to-sue clause does not negate the requirement that a licensee "must have beneficial ownership of some of the patentee's proprietary rights." Ortho, 52 F.3d at 1034.

Notably, an exclusive licensee need not be the only party with the ability to license the patent. WiAV, 631 F.3d at 1266. Rather, the exclusive licensee must be the only party from whom the defendant could potentially obtain a license. Id. at 1266-67. In other words, the question is whether the licensee "has shown that it has the right under the patents to exclude the Defendants from engaging in the alleged infringing activity and therefore is injured by the Defendants' conduct." Id. at 1267; see also Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc., 2012 WL 3835107, at *2 (N.D. Cal.) ("what matters is not the right to

3

exclude all others, but rather the right to exclude the particular defendant").

## DISCUSSION

The Assignment and Addendum together make TPL an exclusive licensee of the patents in suit "bearing the Canon Brand." Addendum.  The Addendum grants TPL the exclusive proprietary patent rights for the patents in suit that pertain to Canon. Further, nothing suggests that the exclusive license is inalienable.  Finally, given the exclusivity of this license, Canon cannot obtain a license to use the patents in suit in its products from anyone other than TPL.  The Court GRANTS TPL's motion to set aside its dismissal order.  TPL's standing is reinstated.

## CONCLUSION

For these reasons, the Court GRANTS TPL's motion to set aside.

IT IS SO ORDERED.

Dated: August 24, 2016

CLAUDIA WILKEN
United States District Judge